ANNIE R. WHITTEMORE *vs.* BUILDING INSPECTOR OF
FALMOUTH.

Barnstable.   January 5, 1943. — February 23, 1943.

Present: FIELD, C.J., DONAHUE, LUMMUS, DOLAN, & COX, JJ.

*Zoning.*

In the circumstances, a vote of a town purporting to change the zoning
of a lot of land on which the owner manufactured ice from a single
residence district in which the manufacture of ice was not permitted
to a light industrial district in which it was permitted, was void as a
singling out of that one lot for different treatment from that accorded
to similar surrounding residential land from which it was indistinguish-
able in character, all for the economic benefit of the owner of that
lot.

PETITION, filed in the Superior Court on January 31, 1941,
for a writ of mandamus.

The case was heard by *Brown,* J.

*J. P. Sylvia, Jr.,* for the respondent.

*S. R. Wrightington,* for the petitioner.

LUMMUS, J.   This controversy has been here twice before.
*Whittemore* v. *Town Clerk of Falmouth,* 299 Mass. 64.   *Whit-*
*temore* v. *Selectmen of Falmouth,* 304 Mass. 72.   The zoning
by-laws of Falmouth provide for single residence districts
in which only specified uses of land may exist, and those
uses do not include the manufacture of ice.   The land of
one Cahoon on which he manufactures ice was zoned as a
single residence district until February 16, 1938, when the
town voted to change the zoning of his land to a light in-
dustrial district in which the manufacture of ice would be
permitted.   The petitioner, the owner of neighboring land
zoned for single residences, brought this petition for a writ
of mandamus to compel the respondent building inspector
to enforce the zoning by-law against Cahoon as it stood
before the amendment of February 16, 1938.   The judge
ordered that a writ of mandamus issue as prayed for.   The
case is here on exceptions taken by the respondent.

The statute as to zoning by-laws provides that "all such

regulations and restrictions shall be uniform for each class or kind of buildings, structures or land, and for each class or kind of use, throughout each district." It provides also: "The ordinances or by-laws established hereunder in any city or town shall be the same for zones, districts or streets having substantially the same character." G. L. (Ter. Ed.) c. 40, § 25, as appearing in St. 1933, c. 269, § 1. It is not permissible "to single out one lot located within what is essentially a residential district and impose restrictions upon this lot that are less onerous than those imposed upon the remaining portions of what is really the same zoning district." *Leahy* v. *Inspector of Buildings of New Bedford*, 308 Mass. 128, 134. In the same case, at page 133, it is said: "Mere economic gain to the owner of a comparatively small area is not sufficient cause to invoke an exercise of this amending power for the benefit of such owner." In that case it was held that the amendment changing a lot from a residential to a business district was invalid because it would not result in uniformity of regulations and restrictions for zones, districts or streets having substantially the same character.

An auditor found, without contradiction, that "the Cahoon lot is in the vicinity of a long-established residential area where no substantial change in the character or use has occurred since the zoning by-law was first enacted. The Cahoon lot is surrounded on all sides for a substantial distance by an area zoned for single residences. There are valuable summer residences within a few hundred yards (nearest one being approximately three hundred yards) east, south and west of the Cahoon lot." About a quarter of a mile west of the Cahoon lot are the waters of Buzzards Bay.

The judge could have found, and, in view of his result, must be taken to have found, that the amendment of February 16, 1938, was a singling out of one lot for different treatment from that accorded to similar surrounding land indistinguishable from it in character, all for the economic benefit of the owner of that lot. Upon such a finding the amendment was unlawful. An examination of the requested rulings that were given and refused discloses no error.

*Exceptions overruled.*