ALVIN L. S. LAMARRE & others *vs.* COMMISSIONER OF PUBLIC WORKS OF FALL RIVER.

Bristol.    May 4, 5, 1949. — July 11, 1949.

Present: QUA, C.J., DOLAN, SPALDING, & WILLIAMS, JJ.

*Zoning. Housing.*

An amendment of the zoning ordinance of a city placing in a district where residences for more than three families were permitted a parcel of about nine acres of vacant land, which was situated adjacent to residential sections already built upon, was capable of development for single family residences and previously had been zoned partly for single family residences and partly for residences for not more than three families, was not invalid as unreasonable or as "spot" zoning where it appeared that there was a substantial "shortage of rental housing" in the city and that the amendment was designed to further a contemplated project of the local housing authority to build multiple family "rental" housing on such parcel and so "partially relieve the housing shortage": it might reasonably be thought that the amendment would promote the public welfare.

PETITION for a writ of mandamus, filed in the Supreme Judicial Court for the county of Bristol on June 22, 1948.

Upon transfer to the Superior Court, the case was heard by *Smith,* J., upon an auditor's report and was reported to this court.

*A. E. Seagrave,* (*P. H. Harrington* with him,) for the petitioners.

*J. T. Farrell,* Corporation Counsel, for the respondent.

WILLIAMS, J.   This is a petition for a writ of mandamus to compel the respondent to enforce the zoning ordinance of the city of Fall River as it stood prior to an amendment thereto redistricting a certain area, passed by the city council and approved by the mayor on June 15, 1948, the validity of which is here in question.   An auditor, to whom the case was referred under the usual rule, made specific findings of fact and a general finding that, "so far as they may be questions of fact, I find that (1) the 1948 amendment to the zoning ordinance is valid and that (2) the present proceedings were not prematurely brought."   Motions by the petitioners that the report of the auditor be recommitted and that certain portions of it be struck out and by the respondent for judgment on the auditor's report were denied by a judge of the Superior Court.   He found the facts to be as stated in the report and, at the request and with the consent of the parties, reported the case to this court.

The findings of the auditor are substantially as follows: The original zoning ordinance was passed in 1927 and imposed restrictions on "a substantial but not a major" portion of the city of Fall River.   Of the districts established by the ordinance, only three need be considered in this case — namely, single residence districts, general residence districts in which residences for not more than three families are permitted, and multiple family residence districts in which residences for more than three families are permitted. The area in question is located in the northerly section of the city some two miles from the business center.   In shape it is a rectangle three hundred twenty-five feet wide by twelve hundred feet long, containing, therefore, slightly less than nine acres.   Sixty per cent of it lies within a single residence district and forty per cent within a general residence district.   There are no buildings upon it, although it is "adaptable to the development of single family resi-

dences." According to the zoning map of the city, which by reference is made a part of the auditor's report, the area lies on the outskirts of residential sections already built upon. By the amendment of the ordinance it is converted into a multiple family residence district. Through the foreclosure of tax titles the city of Fall River has acquired title to more than one half of the area and has authorized its sale to the Fall River Housing Authority established under G. L. (Ter. Ed.) c. 121, § 26K, as appearing in St. 1946, c. 574, § 1. The housing authority has either purchased or acquired options on the entire area and proposes to build thereon multiple family residences each accommodating four families and sufficient in all to accommodate one hundred forty families. The amendment was requested by the housing authority and was unanimously approved by the planning board and city council. The petitioners own residential property in the vicinity and the contemplated change in the area will result "in some but not great depreciation" in the market value of their property. It is found that "There is a shortage of rental housing in Fall River and the housing authority has on hand fifteen hundred applications for rental houses such as" are intended to be built in this area. The project contemplated will tend "to partially relieve the housing shortage in the city."

No question is raised as to compliance with the procedural requirements necessary for the enactment of a valid amendment to the zoning ordinance. It is the contention of the petitioners that the passage of the amendment was an unauthorized exercise of legislative power by the city council. The authority of the city to amend its zoning ordinance must be measured by the terms of the enabling statute, G. L. (Ter. Ed.) c. 40, § 25, as appearing in St. 1933, c. 269, § 1. *Caires* v. *Building Commissioner of Hingham,* 323 Mass. 589, 594. *122 Main Street Corp.* v. *Brockton,* 323 Mass. 646, 648. By this statute the power to regulate and restrict is granted to the city for the purposes of "promoting the health, safety, convenience, morals or welfare of its inhabitants." Regulations and restrictions contained in an ordinance enacted

under its authority may be designed, among other purposes, to prevent the overcrowding of land and "to avoid undue concentration of population." The chief purpose of the zoning statute is the promotion of the public welfare. *Phillips* v. *Board of Appeals of Springfield,* 286 Mass. 469, 472. Every presumption is to be made in favor of the validity of an ordinance passed under its enabling provisions. A zoning ordinance will be sustained unless it is shown that there is no substantial relation between it and the furtherance of any of the general objects mentioned in the statute. *Building Commissioner of Medford* v. *C. & H. Co.* 319 Mass. 273, 279. *Caires* v. *Building Commissioner of Hingham,* 323 Mass. 589, 593. It will be set aside only where the court is convinced that the ordinance involves a mere arbitrary exercise of power having no substantial relation to these objects. *Nectow* v. *Cambridge,* 260 Mass. 441, 448. *Nectow* v. *Cambridge,* 277 U. S. 183, 188. *Pittsfield* v. *Oleksak,* 313 Mass. 553, 555. *Burlington* v. *Dunn,* 318 Mass. 216, 221. "Where the reasonableness of" the ordinance "is fairly debatable" the court cannot substitute its judgment for that of the local legislative body. *Caires* v. *Building Commissioner of Hingham,* 323 Mass. 589, 594–595. *Simon* v. *Needham,* 311 Mass. 560, 564. *122 Main Street Corp.* v. *Brockton,* 323 Mass. 646. In view of the auditor's finding that the contemplated project would tend to partially relieve the housing shortage in the city, it is reasonable to believe that the amendment would tend to correct "undue concentration of population" and thereby promote the public welfare.

The amendment was a valid exercise of the authority granted by G. L. (Ter. Ed.) c. 40, § 25, as amended. In our opinion it was not an instance of "spot" zoning. "It does not appear that there was 'a singling out of one lot for different treatment from that accorded to similar surrounding land indistinguishable from it in character, all for the economic benefit of the owner of that lot.'" *Marblehead* v. *Rosenthal,* 316 Mass. 124, 126. *Whittemore* v. *Building Inspector of Falmouth,* 313 Mass. 248, 249. See *Smith* v. *Board*

*of Appeals of Salem*, 313 Mass. 622. *Leahy* v. *Inspector of Buildings of New Bedford*, 308 Mass. 128, relied on by the petitioners, involved an amendment which zoned for business purposes a single lot located in a residential area solely for the economic benefit of the owner of the lot. There was no evidence in that case that the amendment was designed to accomplish any of the purposes set forth in the enabling statute or that any enhancement of the public welfare would result from it.

It is to be noted that G. L. (Ter. Ed.) c. 121, § 26EE, as appearing in St. 1946, c. 574, § 1, known as the housing authority law, provides that, in order to coöperate in the planning, construction or operation of a project of a housing authority, a city or town may "(d) Adopt ordinances or by-laws under sections twenty-five to thirty A, inclusive, of chapter forty or repeal or modify such ordinances or by-laws . . . ." This statute is a recognition by the Legislature that projects of such authorities in general tend to promote the public health, safety, convenience, morals and welfare. See *Allydon Realty Corp.* v. *Holyoke Housing Authority*, 304 Mass. 288, wherein it was held that the expenditure of public money for low rent housing when accompanied by slum clearance was for a public purpose.

The denial of the petitioners' motion to recommit the auditor's report was discretionary with the judge. *Tripp* v. *Macomber*, 187 Mass. 109, 110. *Tobin* v. *Kells*, 207 Mass. 304, 309–310. However, referring to the grounds for the motion as therein stated, it may be said that the validity of the amendment does not depend on whether the "character or use" of the locus or of the surrounding land has changed since the enactment of the original zoning ordinance. The city council may provide for what the future welfare of the city reasonably may be thought to require. See *Caires* v. *Building Commissioner of Hingham*, 323 Mass. 589, 595. Although the auditor has not specifically found "whether the amended ordinance promotes the health, safety, convenience, morals or welfare of all the inhabitants of the city," or that "the amended ordinance encourages the most

appropriate use of land throughout the city," his findings adequately show that the purpose of the legislation was to promote the general public welfare. The necessity for using this particular locus as compared with other available sites was a matter to be decided by the legislative body. There was no error in the denial of the motion.

Also there was no error in the judge's refusal to strike from the auditor's report findings as to the plans of the housing authority for the development of the locus and as to the existing shortage of rental housing in Fall River. The local housing situation and the plans of the proper authorities for relieving it were of importance in showing that the change in the zoning ordinance was not arbitrary and unreasonable but was designed to promote the general public welfare. See *Leahy* v. *Inspector of Buildings of New Bedford*, 308 Mass. 128, 133.

Appeals by the petitioners and the respondent respectively from orders overruling the petitioners' demurrer to the respondent's amended answer and the respondent's demurrer to the petition have not been argued and are treated as waived. *Manning* v. *Campbell*, 264 Mass. 386, 392. *Scullin* v. *Cities Service Oil Co.* 304 Mass. 75, 77. *Kubilius* v. *Hawes Unitarian Congregational Church*, 322 Mass. 638, 643.

Judgment is to be entered dismissing the petition.

*So ordered.*