RICHARD A. SHANNON & others *vs.* BUILDING INSPECTOR OF WOBURN.

Middlesex.    February 4, 1952. — April 10, 1952.

Present: QUA, C.J., LUMMUS, WILKINS, SPALDING, & WILLIAMS, JJ.

*Zoning. Woburn. Municipal Corporations*, By-laws and ordinances.

The requirement of G. L. (Ter. Ed.) c. 40, § 27, as appearing in St. 1941, c. 320, that the planning board of a city submit "a final report with recommendations" to the city council as a preliminary to an amendment of the zoning ordinance was satisfied where the planning board reported to the council that it "recommends the passage of" a proposed amendment for the best interests of the city as a whole, and subsequently, before the public hearing held by the council, submitted to the council detailed reasons for such recommendation.

There was no violation of an ordinance of Woburn requiring the planning board to hold a public hearing for the consideration of an amendment of the zoning ordinance upon petition of certain property owners "or upon its own initiative" where the board held a public hearing

respecting a proposed amendment referred to it by the city council at the suggestion of the mayor.

The facts did not show invalidity in an amendment of the zoning ordinance of a city changing from a residential zone to a manufacturing zone certain areas, containing few houses, located on a new main highway and, as rezoned, likely to attract to them desirable modern manufacturing plants which were needed by the city and would not be attracted to the areas previously zoned for manufacturing therein.

PETITION for a writ of mandamus, filed in the Superior Court on June 15, 1951.

The case was heard by *Rome*, J.

*J. J. Fitzpatrick*, for the petitioners.

*W. F. Farr*, (*S. M. Kalberg, Jr.*, with him,) for the intervener.

*J. E. Henchey*, City Solicitor, for the respondent.

LUMMUS, J. The three petitioners own as tenants in common thirteen acres of vacant land in Woburn in an area which was rezoned by the city council by an amendment to the zoning ordinance adopted on June 7, 1951. The petition is for a writ of mandamus to compel the respondent to enforce the zoning ordinance as it existed before the amendment of June 7, 1951, and to revoke a building permit granted by him to Thomas Worcester, Inc., for the construction of a factory and office on land within one of the rezoned areas, to be occupied by the intervener, Sylvania Electric Products Inc. The amendment of June 7, 1951, rezoned three areas from residential to manufacturing, and four from residential to business. The land upon which the factory and office are to be built was rezoned from residential to manufacturing.

The present petition for a writ of mandamus was filed on June 15, 1951. Sylvania Electric Products Inc. intervened on July 3, 1951, by leave of court. In the Superior Court the judge made findings of fact, and ordered final judgment dismissing the petition, which was duly entered on August 9, 1951. The petitioners appealed. The evidence is reported.

By G. L. (Ter. Ed.) c. 40, § 27, as it appears in St. 1941, c. 320, the following requirements, which appear to be conditions precedent (*Whittemore* v. *Town Clerk of Falmouth*,

299 Mass. 64), are made for an amendment to a zoning ordinance. First, the planning board must hold a public hearing, after due notice given, and submit a final report with recommendations. Next, the city council or a committee thereof must hold a public hearing at which all interested persons shall be given an opportunity to be heard after at least twenty days' notice of the time and place of the hearing published in a newspaper of general circulation in the municipality. Next, the adoption of the amendment shall be by a two-thirds vote of all the members of the city council.

The petitioners contend that the planning board did not submit "a final report with recommendations" to the city council, as required by the statute. The planning board, by a majority, reported that it "recommends the passage of the rezoning" amendment, for the "best interest of the city of Woburn, as a whole." But it stated that "the reasons in detail for the majority report will be made to the city council at a later date." The statute requires recommendations, not reasons for recommendations. The recommendations were that the amendment be adopted. The detailed reasons were sent by the planning board to the city council on May 31, 1951, and received not later than June 1, 1951, before the hearing given by the city council on June 7, 1951. We think the statute was satisfied.

The ordinances of Woburn make it the duty of the planning board, upon petition of certain property owners "or upon its own initiative," to hold a public hearing for the consideration of any amendment to the zoning ordinance. The petitioners contend that, as the amendment in question was referred to the planning board by the city council at the suggestion of the mayor, the ordinances were violated. The planning board ordered and held a public hearing, and there is nothing to show that it did so unwillingly or under compulsion. The requirement that it act "upon its own initiative" does not mean that it may not adopt the suggestions of others.

The main question is whether on the merits the amend-

ment to the zoning ordinance was authorized by the statute. The relevant statute is G. L. (Ter. Ed.) c. 40, § 25, as it appears in St. 1933, c. 269, § 1. Under that statute a zoning ordinance may divide a city into districts and may regulate and restrict the erection or use of buildings or the use of land within the several districts for the purposes of lessening street congestion, of securing safety from fire and other dangers, of preventing overcrowding and undue concentration of population, of facilitating adequate provision for transportation, water, sewerage, schools, parks, and other public requirements, and of increasing the amenities of the city. "The chief purpose of the zoning statute is the promotion of the public welfare. . . . Every presumption is to be made in favor of the validity of an ordinance passed under its enabling provisions. A zoning ordinance will be sustained unless it is shown that there is no substantial relation between it and the furtherance of any of the general objects mentioned in the statute. . . . It will be set aside only where the court is convinced that the ordinance involves a mere arbitrary exercise of power having no substantial relation to these objects." *Lamarre* v. *Commissioner of Public Works of Fall River*, 324 Mass. 542, 545.

On the merits the essential parts of the finding of the judge were as follows. The petitioners principally challenge the validity of the rezoning from residential to manufacturing of two of the seven areas rezoned, which were originally one and are now divided by the new Circumferential Highway. The intervener, Sylvania Electric Products Inc., has acquired about twenty acres of these areas, and proposes to build a modern manufacturing plant there. There are few houses in these areas. The areas zoned for industrial and manufacturing uses before the amendment were not of a character to attract large modern manufacturing plants. The city council could reasonably conclude that rezoning the areas adjacent to the entrance to the new Circumferential Highway for manufacturing and business purposes would attract to Woburn desirable manufacturing and business establishments which otherwise would not locate there, and

this would make it practicable for the city to install sewerage facilities which would also benefit the neighboring residential areas that now have no adequate sewerage facilities. Manufacturing plants on the new highway will be more accessible to fire fighting apparatus than plants located elsewhere. The amendment establishes districts which are for similar uses for areas having substantially the same character. The city council and planning board acted in good faith. The rezoning followed a comprehensive plan designed to effect the best use of land adjacent to the Circumferential Highway. The amendment was adopted for the purpose of promoting the health, safety, convenience, and welfare of the inhabitants of Woburn.

Other considerations shown by the record though not expressly relied on by the judge are that Woburn, with its leather trade gone, needs new industries to increase property valuations, decrease taxes, and provide employment.

There is a presumption in favor of the validity of zoning ordinances. *Burlington* v. *Dunn,* 318 Mass. 216, 221. *Caires* v. *Building Commissioner of Hingham,* 323 Mass. 589, 594–595. *Lamarre* v. *Commissioner of Public Works of Fall River,* 324 Mass. 542, 545. "A zoning . . . [ordinance] will be sustained unless it is shown that there is no substantial relation between it and the furtherance of any of the general objects" for which the statute permits zoning. *Caires* v. *Building Commissioner of Hingham,* 323 Mass. 589, 593.

In *Building Commissioner of Medford* v. *C. & H. Co.* 319 Mass. 273, 279, it was said that a landowner "has no just ground of complaint unless he shows that the provisions of these ordinances or by-laws as applied to him and his property are plainly arbitrary and unreasonable and have no rational relation to any of the purposes mentioned in the statute or to any of the purposes for which the police power may be legitimately exercised." The land of the appellants is vacant. Under the amendment they may use it for any purpose. There is no showing that its value or marketability will be impaired. A zoning ordinance may be amended to accomplish any of the purposes for which such an ordinance

may be originally enacted. G. L. (Ter. Ed.) c. 40, § 27, as it appears in St. 1941, c. 320.

On the whole record we are unable to find any error.

*Judgment affirmed.*