JOSEPH L. CAPUTO *vs.* BOARD OF APPEALS OF SOMERVILLE.

Middlesex.    March 3, 1953. — April 2, 1953.

Present: QUA, C.J., WILKINS, SPALDING, WILLIAMS, & COUNIHAN, JJ.

*Zoning. Equity Jurisdiction,* Change in situation during suit. *Equity Pleading and Practice,* Rehearing. *Building Laws. Permit. Board of Appeals.*

A refusal by the commissioner of public buildings of a city to issue a construction permit on the ground that it would be "detrimental" to the neighborhood, and a decision by the zoning board of appeals affirming the refusal on the same ground, were erroneous where it appeared that at the times of such refusal and its affirmance the intended use of the applicant's premises for which the permit was sought was allowed by the zoning ordinance of the city, and that under the city's building code the granting of the permit was required because the application therefor showed that there would be compliance with the ordinances. [110–111]

The mere fact that an owner of land in a city filed an application for a construction permit before the adoption of an amendment of the city's zoning ordinance whereby the intended use of his premises for which the permit was sought, previously allowed by the ordinance, became forbidden thereby did not entitle him to the permit. [111]

In a suit in equity by way of appeal under G. L. (Ter. Ed.) c. 40, § 30, as appearing in St. 1933, c. 269, § 1, by a landowner aggrieved by a decision of the zoning board of appeals of a city affirming a refusal of the commissioner of public buildings to issue a construction permit, where it appeared that at the time the decision was made it was wrong and the permit should have been issued, but that before entry of a final decree annulling the board's decision and ordering it to direct the issuance of the permit an amendment of the zoning ordinance had been adopted which, if valid, would forbid a previously allowed use of the land intended by the plaintiff in seeking the permit, the decree must be reversed; but in the circumstances the plaintiff should not be foreclosed from attacking the amended ordinance as unreasonable and arbitrary, and on a record not disclosing sufficient facts to enable this court to determine that issue the suit should stand for further proceedings in the trial court. [111–112, 113–114]

An "opinion," which the planning board of a city after hearing submitted to the board of aldermen in response to the board of aldermen's request that the planning board consider a proposed rezoning of a cer-

tain area and which contained a reference to a rezoning of the entire city then contemplated by the planning board and a statement that the planning board thought it "inadvisable to recommend a spot zone change at this time" since such a recommendation, "if made now, would make extremely difficult the duty of this board to review fairly the zoning of the city as a whole," was a sufficient "final report with recommendations" by the planning board to the board of aldermen under G. L. (Ter. Ed.) c. 40, § 27, as appearing in St. 1941, c. 320, to enable the board of aldermen to adopt an amendment of the zoning ordinance rezoning such area.   [109–110, 112]

BILL IN EQUITY, filed in the Superior Court on July 9, 1952.

The suit was heard by *Cahill*, J., upon a master's report.

*Robert J. Muldoon*, City Solicitor, for the defendant.

*Allan R. Kingston*, for the plaintiff.

WILKINS, J.   This is a bill in equity on appeal from a decision of the defendant board of appeals upholding the refusal of the commissioner of public buildings of the city of Somerville to grant a permit to the plaintiff to erect a traveling hoist and crane on land owned by him at 9 Tyler Street in that city.   G. L. (Ter. Ed.) c. 40, § 30, as appearing in St. 1933, c. 269, § 1, and as subsequently amended. In the Superior Court a decree was entered annulling the decision of the defendant board and ordering the board to direct the commissioner to issue the permit and a certificate of occupancy.   The defendant board appealed.

The plaintiff is the owner and operator of a business of fabricating and cutting and processing of steel at 10 Tyler Street.   The land at 9 Tyler Street is directly across the street, and contains about 4,620 square feet.   It is in a block bounded by Somerville Avenue, Dane Street, Tyler Street, and Vine Street, which, when the bill was filed, was zoned as "Industrial A," where the plaintiff's intended use was permitted.   The plaintiff's purpose was to store steel and iron used in the business and to erect the crane to handle this material.

The plaintiff commenced construction in March, 1952, without obtaining a permit.   On April 1 he filed an applica-

tion for one with the commissioner of public buildings. On May 1 the commissioner sent the plaintiff a notice reading in part: "Your application for a permit to erect a structure and occupy property at 9 Tyler Street, Somerville, cannot be granted as the issuance of this permit in the opinion of the writer would be detrimental to the neighborhood due to the proximity of this proposed building to the church."

The defendant board, to which the plaintiff appealed, held a public hearing on May 26. The commissioner there testified that he would have granted the permit had no objection been raised. The other evidence at the hearing did not attack the structure as such, and revealed no danger to the public in the plaintiff's intended use. The defendant board took no action until ordered to do so by the Superior Court. · On July 7 the board voted to sustain the action of the commissioner and "refused the appeal" on the ground that the intended construction and use of the lot would be a detriment to the community.

On June 5 the board of aldermen voted that the planning board arrange for the immediate consideration of a proposal for the rezoning as a "Residence B District" of the area bounded by Somerville Avenue, Dane Street, Tyler Street, and Vine Street, "so that this matter may be acted upon without delay by this board of aldermen as the proposed rezoning of this particular area is particularly urgent." On July 10 the planning board held a hearing and on July 28 sent the board of aldermen "an opinion," reading in part: "In rendering its opinion, this board has considered the recent recommendation of the board of aldermen that the planning board review and revise the present zoning ordinance so that the entire city may be rezoned. The planning board commends this official recognition by your honorable board that the use of land in Somerville has, in the past twenty-six years undergone considerable change, and that the zoning ordinance of the city should therefore be brought up to date. Since the work is now under way that will enable us to meet the request of your board, the

planning board wishes to state that it considers it inadvisable to recommend a spot zone change at this time. Such a recommendation by the planning board, if made now, would make extremely difficult the duty of this board to review fairly the zoning of the city as a whole."

The foregoing facts are from the report of a master, who further found that, under the building code of the city, if it appears from applications and drawings submitted by an applicant that the ordinances will be complied with, a permit for the proposed construction "shall be granted" by the commissioner; that the plaintiff's application showed such compliance; and that the commissioner so admitted.

Other facts appearing in a stipulation filed subsequent to the filing of the master's report are these. The report of the planning board was received on August 12 by the board of aldermen which, pursuant to a notice published in a local newspaper, held a public hearing on September 11. On that date the board of aldermen unanimously voted, with nine out of eleven members present, to change the area bounded by Somerville Avenue, Dane Street, Vine Street, and Tyler Street from an "Industry A District" to a "Residence B District." The mayor approved the ordinance on September 22. The area rezoned measures approximately 400 feet by 380 feet and contains approximately 150,000 square feet. The plaintiff's intended use of the land at 9 Tyler Street is not permitted in a "Residence B District."

It was the statutory duty of the commissioner of public buildings to grant the plaintiff a permit for the erection of a structure which was in conformity with the ordinances. G. L. (Ter. Ed.) c. 40, § 29, as appearing in St. 1933, c. 269, § 1. His failure so to do was also a violation of the building code of the city. In the beginning, accordingly, his action was palpably invalid. The action of the defendant board was likewise in error. Its duty was to "make such order or decision as ought to be made," and it has "all the powers of the officer from whom the appeal is taken and may issue

or direct the issue of a permit." G. L. (Ter. Ed.) c. 40, § 30, as appearing in St. 1933, c. 269, § 1, and as amended. Hence, as matters stood at the time of its decision, the defendant board should have decided that the plaintiff was entitled to the permit.

By the time the final decree was entered on September 30, however, the zoning ordinance had been purportedly amended on September 22. The fact that the plaintiff filed his application for a permit before the ordinance was amended gave him no vested rights. *Spector* v. *Building Inspector of Milton,* 250 Mass. 63, 71. See *Brett* v. *Building Commissioner of Brookline,* 250 Mass. 73, 79–80; G. L. (Ter. Ed.) c. 40, § 28, as appearing in St. 1941, c. 176. If the amendment is valid, the relief to which the plaintiff would otherwise have been entitled cannot be given.

"Final relief in equity should be adapted to the facts existing at the time of the entry of the decree." *Giles* v. *Giles,* 293 Mass. 495, 499–500. *Bell* v. *Treasurer of Cambridge,* 310 Mass. 484, 488. *MacLennan* v. *MacLennan,* 311 Mass. 709, 712–713. *Jubinville* v. *Jubinville,* 313 Mass. 103, 109. The leading statement by Mr. Justice Gray, formerly Chief Justice of this court, in *Mills* v. *Green,* 159 U. S. 651, 653, is: "The duty of this court, as of every other judicial tribunal, is to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it. It necessarily follows that when, pending an appeal from the judgment of a lower court, and without any fault of the defendant, an event occurs which renders it impossible for this court, if it should decide the case in favor of the plaintiff, to grant him any effectual relief whatever, the court will not proceed to a formal judgment, but will dismiss the appeal." *Tennessee* v. *Condon,* 189 U. S. 64, 71. *United Corp.* v. *Federal Trade Commission,* 110 Fed. (2d) 473, 476 (C. C. A. 4). 19 Am. Jur., Equity, § 411. 30 C. J. S., Equity, § 600. In oral argument the plaintiff stressed the inapplicability of

any such rule where the defendant was at fault, as is suggested in this case by delaying its decision. It was, however, the board of aldermen which initiated the rezoning. And where the public interest is involved a court of equity has greater latitude in granting or withholding relief. *Virginian Railway* v. *System Federation No. 40, Railway Employees Department of the American Federation of Labor,* 300 U. S. 515, 552. 30 C. J. S., Equity, § 599. It may in the public interest even withhold relief altogether. *Harrisonville* v. *W. S. Dickey Clay Manuf. Co.* 289 U. S. 334, 338. *Securities & Exchange Commission* v. *United States Realty & Improvement Co.* 310 U. S. 434, 455. *Mercoid Corp.* v. *Mid-Continent Investment Co.* 320 U. S. 661, 670.

The plaintiff contends that the amendment to the zoning ordinance was invalid because of failure to comply with that portion of G. L. (Ter. Ed.) c. 40, § 27, as appearing in St. 1941, c. 320, which reads: "No ordinance . . . originally establishing the boundaries of the districts or the regulations and restrictions to be enforced therein, and no ordinance . . . changing the same as aforesaid, shall be adopted until after the planning board . . . has held a public hearing thereon after due notice given and has submitted a final report with recommendations to the city council . . . ." We think that as matter of interpretation the "opinion" of the planning board sent to the board of aldermen under date of July 28 must be regarded as "a final report with recommendations." To be sure, there were a reference to a rezoning of the entire city then under consideration and a statement that a recommendation of "a spot zone change at this time" would unfairly affect the planning board's duty to review the zoning of the city as a whole. We nevertheless think that this was a definite negative recommendation, which was final notwithstanding the allusion to continuing comprehensive consideration of the subject of zoning. In *Whittemore* v. *Town Clerk of Falmouth,* 299 Mass. 64, 67–68, the planning board because of a tie vote reported to the town meeting that it was "unable at this time to make any recommendation."

Finally, the plaintiff argues that the purported amendment is invalid as an unreasonable and arbitrary exercise of the police power. *Nectow* v. *Cambridge,* 277 U. S. 183, 187–188. It is pressed upon us that here is a case of "spot zoning," and that "spot zoning" depends upon more than the size of the "spot." See *Marblehead* v. *Rosenthal,* 316 Mass. 124, 126. The test must be whether the provisions of the ordinance as applied to the plaintiff and his property "are clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals, or general welfare." *Euclid* v. *Ambler Realty Co.* 272 U. S. 365, 395. *Wilbur* v. *Newton,* 302 Mass. 38, 39. *Building Commissioner of Medford* v. *C. & H. Co.* 319 Mass. 273, 279. *Caires* v. *Building Commissioner of Hingham,* 323 Mass. 589, 593. Such an affirmative conclusion would not be justified at this time. There is a presumption in favor of the validity of zoning ordinances. *Burlington* v. *Dunn,* 318 Mass. 216, 221. *Lamarre* v. *Commissioner of Public Works of Fall River,* 324 Mass. 542, 545. *Shannon* v. *Building Inspector of Woburn,* 328 Mass. 633, 637. There is no plan or zoning map in the record for our consideration. The facts as to the size of the rezoned area appear only in a stipulation filed with the judge shortly before the confirmation of the master's report and the entry of the final decree. Many other important facts, such as the relative location and size of other zones, do not appear at all. We shall not foreclose the plaintiff from attacking the ordinance as unreasonable and arbitrary by amendment in this case or in any new proceeding he may be advised to bring for the purpose. We note that the planning board in its report characterized the proposed amendment as "a spot zone change." See *Leahy* v. *Inspector of Buildings of New Bedford,* 308 Mass. 128; *Whittemore* v. *Building Inspector of Falmouth,* 313 Mass. 248; *Smith* v. *Board of Appeals of Salem,* 313 Mass. 622. This we cannot determine on this record. In order to do justice further facts should be found. See *Watkins* v. *Simplex Time Recorder Co.* 316 Mass. 217, 224–225.

The amendment to the zoning ordinance is not alleged in the pleadings. See *Stonega Coke & Coal Co.* v. *Price,* 106 Fed. (2d) 411, 419 (C. C. A. 4). Amendments to pleadings are common to show facts which have intervened since commencement of the suit. *Giles* v. *Giles,* 293 Mass. 495, 500. The plaintiff is given leave, if so advised, within thirty days after the date of the rescript, to apply to the Superior Court to amend his bill. The final decree is reversed, and the suit is to stand for further proceedings in the Superior Court.

*So ordered.*