JOSEPH P. RAYMOND & others *vs.* COMMISSIONER OF PUBLIC WORKS OF LOWELL.

Middlesex. November 28, 1955. — January 3, 1956.

Present: QUA, C.J., RONAN, WILKINS, WILLIAMS, & WHITTEMORE, JJ.

*Zoning.*

An amendment of a city's zoning ordinance changing from residential to industrial the zoning of a large area adjacent to another area already in an industrial zone was valid on findings that the city council could have reasonably considered the area so changed "mercantile rather than residential" and the change an encouragement of "the most appropriate use of the land," and that the amendment had "a substantial relation to . . . [zoning] objects," irrespective of the factors motivating the members of the council in making the change and notwithstanding that the change would depreciate the value of the few residences in the changed area and those on the opposite side of a street from it.

PETITION for a writ of mandamus, filed in the Superior Court on September 14, 1954.

The case was heard by *Morton, J.,* on an auditor's report.

In this court the case was submitted on briefs.

*P. Harold Ready,* for the petitioners.

*James D. O'Hearn,* City Solicitor, for the respondent.

WHITTEMORE, J. The petitioners sought by mandamus to require the commissioner of public works of the city of Lowell to enforce the zoning ordinance of the city as it stood prior to an amendment passed by the city council on June 15, 1954.

This is an appeal of the petitioners under G. L. (Ter. Ed.) c. 213, § 1D, inserted by St. 1943, c. 374, § 4, from the final judgment of the Superior Court dismissing the petition as a matter of law on the report of the auditor, whose findings of fact were final.

There was no error.

The amendment of June 15, 1954, classified as an industrial zone an area on the easterly side of Chelmsford Street which, with the exception of two small parcels available for local business purposes, had since the adoption of the ordinance in 1926 been classified as a zone in which residences not over thirty-five feet high were permitted.

The subject area extended from Wellman Street south to the Chelmsford line, a distance of twenty-seven hundred feet, and extended back from the street four hundred feet. It was bounded on the east by an industrial zone of the same classification as was applied to it by the amendment. The land across Wellman Street opposite the subject area remained in a residential classification.

It is not claimed that the necessary legal formalities of an amendment were not met.

The auditor found in part as follows: "In passing the amendment the council acted in good faith and for what it believed to be the best interests of the city. They did not pass it as a means of evading an attack on a spot zone, or merely to attract the Microwave Associates to the city. They acted on the honest belief that the time had come to make all of that part of the southwestern corner lying east of Chelmsford Street available for manufacturing and business. I find that proper consideration was given to the characteristics of the city, and that the council could reasonably conclude that the corner, including the four hundred foot strip formerly classed as residential, was mercantile

rather than residential, and that making this strip as well as the land in its rear a business district would tend to encourage the most appropriate use of the land. The council could also find that such a change was one way of furthering the economic advancement of the city. The thought could readily occur to them that nearness to new Route 3, the main highway to the north and the interchange with Route 110, together with the possibility of frontage on the through highway, Route 110, would be an added attraction to manufacturers or business men considering the location of their plants or offices."

The other facts found by the auditor support these findings.

From all the facts found the auditor concluded: "I find that the amendment of June 15, 1954, to the zoning ordinance is within the scope of the powers given the city by G. L. c. 40, § 25 (as the law then stood), and that it has a substantial relation to the objects permitted by this statute." So far as this statement embodied a ruling of law it is correct. Factually and legally this conclusion is required by the facts found.

In view of all the findings it is not significant that the occasion for considering an amendment was the indicated desire of Microwave Associates Inc. to move to Lowell and use a portion of the subject area for its plant. Self interest of some one often spurs consideration of a change in such an ordinance as this. In fact, here it was the Lowell industrial commission created by St. 1951, c. 330, for the promotion and development of the industrial resources of Lowell which was actively promoting the amendment. This vouches general public interest beyond Microwave's private concern, but the case would stand the same in this respect even if the commission had not been involved. *Caires* v. *Building Commissioner of Hingham,* 323 Mass. 589, 595–596. The findings of the auditor as to why the council enacted the amendment are controlling.

The fact that there was other land in the city available for manufacturing did not mean that the subject area had to be kept in a residential classification. Passing other facts

which were relevant, the conclusion, which the auditor found was open to the council, that the subject area was "mercantile rather than residential" supports the change. The statute provides that an ordinance or by-law established under it "shall be the same for zones, districts or streets having substantially the same character . . . ." G. L. (Ter. Ed.) c. 40, § 25, as appearing in St. 1933, c. 269, § 1 (now c. 40A, § 2, inserted by St. 1954, c. 368, § 2).

This was obviously not spot zoning. See *Leahy* v. *Inspector of Buildings of New Bedford*, 308 Mass. 128; *Whittemore* v. *Building Inspector of Falmouth*, 313 Mass. 248; *Smith* v. *Board of Appeals of Salem*, 313 Mass. 622; *Marblehead* v. *Rosenthal*, 316 Mass. 124; *Lamarre* v. *Commissioner of Public Works of Fall River*, 324 Mass. 542. So far as the petitioners' argument in this respect is based on the special interest of Microwave in a part of the area, it is disposed of by the findings of the auditor hereinbefore quoted.

The petitioners stress that there have been few changes in the neighborhood since 1926 when the zoning ordinance was adopted. Such a factor, while relevant, is not controlling. It was one of several circumstances for the council to weigh and evaluate. In this connection it is to be noted that beginning in 1952 two new manufacturing buildings have been built in the industrial zone immediately adjacent to the subject area on the east, as a result of activities of the industrial commission. The auditor found that these were the first new manufacturing buildings in Lowell for thirty-five years.

Neither is it controlling that "The amendment will cause some depreciation in value of the houses fronting on the westerly side of Chelmsford Street" and that "The six houses on the easterly side will also be depreciated for residential purposes . . . ." The underlying principles are well established. They were stated in *Caires* v. *Building Commissioner of Hingham*, 323 Mass. 589, as follows: "A zoning by-law will be sustained unless it is shown that there is no substantial relation between it and the furtherance of any of the general objects . . ." which justify it (page 593).

"[A] regulation within the scope of the enabling statute is good even though it may result in hardship to some landowner . . ." (page 594). "Every presumption is to be made in favor of the by-law . . . . Where the reasonableness of a zoning by-law is fairly debatable, then the judgment of the local legislative body upon which rested the duty and responsibility for its enactment must be sustained" (pages 594–595). "[A] classification as the means for attaining a permissible end is not to be declared invalid 'if any state of facts reasonably can be conceived that would sustain it.' *Rast* v. *Van Deman & Lewis Co.* 240 U. S. 342, 357" (pages 596–597). "Due regard must be accorded to the collective judgment of those familiar with the locality and the circumstances prevailing in the town" (page 597). *Lamarre* v. *Commissioner of Public Works of Fall River*, 324 Mass. 542. *Shannon* v. *Building Inspector of Woburn*, 328 Mass. 633.

*Judgment affirmed.*