SAMUEL SCHERTZER & another *vs.* CITY OF SOMERVILLE & others.

Middlesex.    January 7, 1963. — April 15, 1963.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, SPIEGEL, & REARDON, JJ.

*Zoning,* Validity. *Land Court,* Amendment.

Where, after the commencement of a proceeding in the Land Court to determine the validity of an amendment of a city's zoning ordinance changing the classification of a parcel of land from business to residential, a general revision of the zoning ordinance was adopted whereby the parcel was again zoned for business, but subsequently the adoption of the revised ordinance was rescinded and it was amended by placing the parcel in a residence district and was again adopted as so amended, there was no error in allowance of a motion by the petitioner for leave to file a substitute petition seeking a determination of the validity of both the original amendment of the ordinance and the later amendment of the revised ordinance zoning the parcel as residential. [750]

On facts pertaining to a parcel of city land which had been zoned for business since the original adoption of the city's zoning ordinance many years before, was adjacent to other business land, was located in an area changing from residential to business or commercial use, and was considered to be properly zoned for business by experts hired to make recommendations for a general revision of the zoning ordinance, an

amendment of the ordinance changing the classification of the parcel from business to residential, adopted at the instigation of persons in the neighborhood who objected to a certain proposed business use of the parcel, was arbitrary, unreasonable, and invalid.   [751–752]

PETITION filed in the Land Court on April 29, 1959.

The case was heard by *Fenton*, J.

*Elliott H. Stone* for the respondents Alphonso F. Corrado & another.

*David B. Nissenbaum* (*Morris Nissenbaum* with him) for the petitioners.

REARDON, J.   This is a petition filed in the Land Court on April 29, 1959, under the provisions of G. L. c. 240, § 14A, and G. L. c. 185, § 1 (j1/2), to determine the validity of an amendment to the zoning ordinance of the city of Somerville.   The original zoning ordinance had been enacted on December 30, 1925.   On November 25, 1958, the petitioners acquired land numbered 121–123 Prospect Street in Somerville at the corner of Houghton Street (the locus).   Other land is owned by the petitioner, Samuel Schertzer, on Prospect Street on which for many years he had engaged in the sale of used trucks.   Under the 1925 ordinance the locus was, on the date of its acquisition by the petitioners, zoned for business and the intention of Schertzer was to expand his business activity onto his newly acquired land.   In pursuance of his intention he removed from the locus a dilapidated house.   The respondents, Alphonso F. and Ida Corrado, own the land numbered 9–11 Houghton Street in Somerville adjacent on that street to the locus.   The 1925 ordinance zoned for business a rectangular portion of the Corrado land adjoining the locus with a frontage of 28.8 feet on Houghton Street and a depth of 90.5 feet, the remainder of the Corrado lot being placed in a residential zone.   On December 10, 1958, Alphonso Corrado filed a petition with the Somerville planning board seeking a change in the zoning classification of the locus from "business" to "residential."   A public hearing was duly held at which the attorney for Corrado stated "that he represented approximately 235 other people in the neighborhood" and that

the petition had been filed to prevent Schertzer from using the locus for the parking or storage of trucks as that type of business "would cause deterioration in the value of nearby residential properties." Thereafter the planning board forwarded a recommendation to the Somerville board of aldermen that the "lots numbered 121 and 123 Prospect Street, and that portion of the lot known as 9–11 Houghton Street now in Business Zone, be removed from said Business Zone, and designated hereafter as Residence 'B' zone." The board of aldermen passed ordinance No. 346 to that effect and it became effective on April 13, 1959. There followed the entry of this petition.

Prior to 1955 the planning board had engaged a firm of experts to recast the entire zoning ordinance and zoning map for the city. The recommendations resulting from the study placed the land on the westerly side of Prospect Street including the locus in a "Business B" district and that on the easterly side in an "Industry A" district. The planning board in 1955 in submitting the proposed comprehensive zoning ordinance and map to the board of aldermen followed that recommendation relative to the locus which emerged from the study. The recommended new zoning ordinance was adopted December 22, 1959, and approved by the mayor on December 29, 1959, but this action was rescinded February 25, 1960, on which date three amendments were proposed and adopted. One of these took away from the locus and adjacent land on Houghton Street the Business B classification which it had in turn lost on April 13, 1959, and reacquired on December 29, 1959. Thereupon the new ordinance with the amendments was adopted (ordinance No. 356). The mayor of Somerville approved on March 1, 1960, the new zoning ordinance and map as then amended in part. On September 2, 1960, the respondents moved to dismiss the petition on the ground that all issues then presented were moot. The judge denied the motion and allowed the petitioners to file an "Amended Substituted Petition" which alleged both ordinances No. 346 and No. 356 to be invalid. The case is here on exceptions of the re-

spondents Corrado to the action of the judge in allowing the petitioners to amend their petition by filing the ''Amended Substituted Petition,'' and to the court's decision, findings, rulings and refusals to rule.

The judge found, inter alia, that Prospect Street is a main artery of travel between Cambridge and Somerville. Traffic is now four to five times as heavy on that street as it was in 1925. All the houses on the street were built prior to 1925 and all except one prior to 1895. There has been a general erosion of residences in the vicinity of Prospect Street and a gradual change and conversion of property from residential to industrial or commercial use.

1. The trial judge did not err in allowing the motion to amend the petition. It lies within the sound judicial discretion of the judge to allow any amendment which may enable the petitioner to sustain the action ''for the cause for which it was intended to be brought.'' G. L. c. 231, § 51. See *Boston Trust Funds, Inc.* v. *Henderson,* 341 Mass. 730, 731. The objective of the petitioners first stated in the original petition remained unchanged in the light of ordinance No. 356 which was enacted subsequent to their entry of this proceeding. Indeed, in their brief, the respondents Corrado make note that ordinances No. 346 and No. 356 aimed at the same target.

No desirable purpose would have been served by a judicial exercise of discretion to deny the motion to amend when the entry of a second proceeding presenting the same essential issues of fact would follow. See *Atherton* v. *Building Inspector of Bourne,* 343 Mass. 284. It is not novel to allow amendments to pleadings for the purpose of presenting facts which have intervened since the commencement of a proceeding. *Giles* v. *Giles,* 293 Mass. 495, 499. *Caputo* v. *Board of Appeals of Somerville,* 330 Mass. 107, 114.

2. The test of the validity of the amendments to the zoning ordinance affecting the locus is similar to that to be applied to the ordinance itself, i.e., does it comply with the terms of the enabling statute, G. L. c. 40A. *Caires* v. *Building Commr. of Hingham,* 323 Mass. 589, 594. *122 Main St.*

*Corp.* v. *Brockton,* 323 Mass. 646, 648.    *Lamarre* v. *Commissioner of Pub. Works of Fall River,* 324 Mass. 542, 544. *Shannon* v. *Building Inspector of Woburn,* 328 Mass. 633, 636.    *Burnham* v. *Board of Appeals of Gloucester,* 333 Mass. 114, 117.    A zoning ordinance may be amended to accomplish any of those purposes for which the ordinance was originally enacted in accordance with G. L. c. 40A. *Shannon* v. *Building Inspector of Woburn, supra,* 637–638. Every presumption is to be afforded in favor of the validity of an ordinance and if its reasonableness is fairly debatable the judgment of the local authorities who gave it its being will prevail.    *Caires* v. *Building Commr. of Hingham, supra,* 595, 597.    *122 Main St. Corp.* v. *Brockton, supra,* 649. *Lamarre* v. *Commissioner of Pub. Works of Fall River, supra,* 545.    *Burnham* v. *Board of Appeals of Gloucester, supra,* 116–117.    It will be sustained unless there exists no substantial relation between it and the expressed purposes of the statute.    Conversely, it will be held invalid if it be arbitrary or unreasonable, or substantially unrelated to the public health, safety, convenience, morals or welfare. *Caires* v. *Building Commr. of Hingham, supra,* 593.    *Lamarre* v. *Commissioner of Pub. Works of Fall River, supra,* 545.    *Caputo* v. *Board of Appeals of Somerville,* 330 Mass. 107, 113.    *Cohen* v. *Lynn,* 333 Mass. 699, 705.    *Jenckes* v. *Building Commr. of Brookline,* 341 Mass. 162, 166.

A municipality may from time to time reëxamine the location of a boundary between districts and shift its location as sound zoning principles dictate.    *Leahy* v. *Inspector of Bldgs. of New Bedford,* 308 Mass. 128, 132–134.    *McHugh* v. *Board of Zoning Adjustment of Boston,* 336 Mass. 682. *Shapiro* v. *Cambridge,* 340 Mass. 652, 658.    *Cary* v. *Board of Appeals of Worcester,* 340 Mass. 748, 753.    *Coolidge* v. *Zoning Bd. of Appeals of Framingham,* 343 Mass. 742, 745– 746.    The existing location of the boundary is a circumstance to be weighed.    See *Raymond* v. *Commissioner of Pub. Works of Lowell,* 333 Mass. 410; *Cohen* v. *Lynn,* 333 Mass. 699.    Here was a corner lot which had been in a business classification since 1925.    It had become more business

and less residential in the intervening time. The 1955 expert study found it properly classified for business. It was set off from similar adjacent business lots at the instigation of citizens who objected to a particular proposed business use. This constituted arbitrary and unreasonable action. If not spot zoning in the sense of picking out an undifferentiated area *within* a district (*Whittemore* v. *Building Inspector of Falmouth,* 313 Mass. 248, 249), it was analogous to it and equally violative of the principle of uniformity. See *Shapiro* v. *Cambridge, supra,* 659. We are of the opinion that the judge properly ruled ordinance No. 356 invalid and a fortiori ordinance No. 346 also invalid.

There was no error in the refusal to grant the respondents' requests for rulings.

*Exceptions overruled.*