# RESCRIPT OPINIONS.

Pursuant to the requirements of G. L. c. 211, § 9, the Reporter publishes the following:

CATHERINE E. MAHONEY & another[1] vs. COMMISSIONER OF PUBLIC WORKS OF LOWELL & another.[2]  June 6, 1966.  There was no error in dismissing the petition for a writ of mandamus to compel the commissioner to enforce the zoning ordinance of the city as it stood prior to an amendment by the city council in 1964 which changed the locus owned by the Post, the intervener, from a general residence district to an industrial district.  The amendment affected only the locus.  The judge made findings of fact based upon a stipulation, documentary evidence and a view.  Prior to the amendment the locus, at the edge of a general residence district, abutted, to the west, on a business district where nearby industrial activities including a junk yard and a car wash were carried on; faced, to the south, immediately across the street, an industrial park district which included a shopping complex with an automotive center; and, to the east, was proximate to an industrial district.  The Post proposed to construct a skating rink and conduct an annual carnival at the locus.  It is to be observed that here a variance is not involved, but rather a change of district by the local legislature whose judgment, if fairly debatable, must be sustained.  The amendment recognized that the locus, although nominally in a residence district, had taken on substantially the same character as the nonresidence districts which surrounded it, and should be fairly incorporated into one of them.  It was not spot zoning.  The case is covered in essentials by *Raymond* v. *Commissioner of Pub. Works of Lowell*, 333 Mass. 410.

*Order dismissing writ of mandamus affirmed.*

*James D. O'Hearn* for the petitioners.
*Louis M. Saab* for the respondent Veterans of Foreign Wars, Walker-Rogers Post 662, Inc.