ROSEMARIA SULLIVAN & another,[1] trustees,[2] *vs.* TOWN OF
ACTON.[3]

No. 93-P-1528.

Suffolk. December 9, 1994. - February 1, 1995.

Present: FINE, JACOBS, & PORADA, JJ.*

*Zoning*, Amendment of by-law or ordinance, Validity, Spot zoning.

Certain zoning by-law amendments adopted by the Acton town meeting
with respect to properties abutting Route 2A constituted the adoption
of a comprehensive plan designed to preserve a mixture of uses with an
over-all goal of reduction of future growth of traffic and, with respect to
the rezoning of a particular parcel, did not constitute spot zoning [115-
116]; further, there was no adequate basis for declaring the rezoning of
that parcel invalid, where the zoning changes were reasonable in light
of the asserted goals of the town [116-117].

CIVIL ACTION commenced in the Land Court Department
on February 21, 1991.

The case was heard by *Marilyn M. Sullivan, J.*

*Acheson H. Callaghan, Jr.,* for the defendant.

*Louis N. Levine (F. Alex Parra* with him) for the
plaintiffs.

*Edith M. Netter,* for American Planning Association,
Massachusetts Chapter, & others, amici curiae, submitted a
brief.

FINE, J. The plaintiffs, the DiDuca Family Trust (the
trustees), own a sixteen-acre tract of land at the intersection

---

[1]Harriet McFarland.

[2]Of the DiDuca Family Trust.

[3]We acknowledge the amici curiae brief filed on behalf of the American
Planning Association, Massachusetts Chapter, the Massachusetts
Association of Planning Directors, and the Metropolitan Area Planning
Council.

*Justice Fine participated in the deliberation on this case and authored
the opinion prior to her retirement.

of Esterbrook Road and Great Road (Route 2A) in Acton, which they have used since 1940 for agricultural and residential purposes. From 1953, when the town of Acton first adopted its zoning by-law, until 1990, when the town adopted the changes in issue, a nine-acre portion of the property (the locus) abutting Route 2A was zoned for general business use. The remainder of the parcel was zoned R-8, for single family residential use. Commencing in 1988, the town undertook a comprehensive planning effort which culminated in recommendations to the April, 1990, town meeting for numerous changes in the zoning along the length of Route 2A. Among the amendments adopted at that time was the rezoning of the locus, consistent with the "downzoning" recommended by the planners, to a residential district (R-8 classification, the same as the remainder of the parcel) in which only single family (or exempt) use was permitted as of right. The zoning by-law also allowed other uses with a special permit, including an "Open Space Development" or a "Planned Conservation Residential Community." In November, 1990, the town adopted a further amendment permitting affordable multi-family residential use on the entire, sixteen-acre parcel with a special permit. The trustees brought this action in the Land Court seeking to have the rezoning of the locus declared invalid.[4] The town appeals from a judgment, after a jury-waived trial, in the trustees' favor.

At trial, the parties stipulated to the ownership, historic use, and zoning of the locus, and to a description of the extensive planning process that preceded the zoning amendments. The judge held an evidentiary hearing at which the planning goals were described and experts gave conflicting testimony about the reasonableness of the amendments in light of those goals. The judge also took a view of the area.

[4]The action was tried with the trustees' action to invalidate the town planning board's placement of conditions on its approval of a proposed subdivision of the parcel. See *Sullivan* v. *Planning Bd. of Acton, post* 918 (1995). The planning board's approval of the proposed subdivision, with or without the disputed conditions, amounted to a finding that the locus could be developed, under G. L. c. 40A, § 6, for any of the purposes permitted in the former General Business district.

In her decision, she stated that she considered the stated goals valid. They were: to control strip development along Route 2A by restricting further commercial development; to preserve and encourage residential development; to focus new commercial growth in two defined historic "villages"; and to limit traffic growth and congestion along Route 2A. Limiting her attention to the uses along the two-and-one-half-mile stretch of Route 2A from the Concord line north to the junction with Route 27 (that is, to approximately half the full length of Route 2A, within the town), the judge noted that the area was already substantially developed with a mixture of commercial and multi-family uses. She concluded that the rezoning was arbitrary and unreasonable because residential use of the locus was inappropriate, and the town had failed to show a likelihood that its goals would be accomplished by the zoning changes. Additionally, she viewed the amendment as invalid as a species of spot zoning. We reverse.

1. *Were the amendments a species of spot zoning?* The judge found that the locus was treated differently from all but one of the other lots in the portion of the Route 2A corridor on which she focused her attention. In holding the scheme invalid, she relied on a number of spot zoning cases. In general, a municipality may not single out a lot "for different treatment from that of the surrounding area, producing, without rational planning objectives, zoning classifications that fail to treat like properties in a uniform manner." *National Amusements, Inc.* v. *Boston*, 29 Mass. App. Ct. 305, 312 (1990). See *Shapiro* v. *Cambridge*, 340 Mass. 652, 658-659 (1960); *Schertzer* v. *Somerville*, 345 Mass. 747, 752 (1963). The principle whereby spot zoning is invalid may apply even when more than one lot is rezoned. *Canteen Corp.* v. *Pittsfield*, 4 Mass. App. Ct. 289, 293 (1976). If the rezoning is adopted in accordance with a well-considered plan for the public welfare and was not designed solely for the economic benefit of an owner of a locus, however, the zoning is not invalid. *Board of Appeals of Hanover* v. *Housing Appeals Comm.*, 363 Mass. 339, 362 (1973).

In this instance, the rezoning was adopted not to confer an economic benefit or harm on any particular owner but as a result of a long-range study and recommendations by the planning board. Along the full length of Route 2A in Acton, several undeveloped parcels fronting it were rezoned for single family residential use. All the rezoned parcels were large and undeveloped. The fact that the land was undeveloped was a relevant factor. See *Cohen* v. *Lynn*, 333 Mass. 699, 704 (1956). Other "downzoning" changes were made at the same time. Commercially developed lots zoned for general business use were rezoned to limited business use to control future commercial development. Parcels containing multi-family housing were rezoned for multi-family use to prevent their conversion to commercial uses. The over-all goal was the reduction of future growth of traffic by maintenance of a mixture of uses along the corridor. A comprehensive plan designed to preserve a mixture of uses over a substantial area of a municipality does not necessarily run afoul of the uniformity principle expressed in spot zoning law. Without deciding whether we would view the change affecting the locus as spot zoning if, as the trial judge did, we were to limit our focus to the portion of Route 2A surrounding the locus, we think, in light of the town's concern about traffic along the full length of Route 2A, the judge's focus was too narrow.

The November, 1990, vote to provide the trustees with an affordable housing option does not change the result as to the applicability of the spot zoning principle. The amendment afforded the trustees the opportunity, with a special permit, to develop the locus more intensively than the earlier April, 1990, amendment, the reasonableness of which we proceed to discuss.

2. *Was the zoning change reasonable in light of the goals?* The judge concluded that the rezoning of the locus, after thirty-four years of general business zoning and extensive commercial development in the area, would not, in any reasonable way, advance the primary asserted goals of reducing traffic congestion on Route 2A, controlling commercial development, and encouraging "mixed use" development in cer-

tain areas. Upon judicial review, a showing must be made that a substantial relationship exists between the zoning amendment and the general objectives of the legislation. *Turnpike Realty Co.* v. *Dedham*, 362 Mass. 221, 228 (1972), cert. denied, 409 U.S. 1108 (1973). It is well established, however, that, "[i]f the reasonableness of a zoning regulation is fairly debatable, the judgment of the local legislative body . . . should be sustained and the reviewing court should not substitute its own judgment." *National Amusements, Inc.* v. *Boston*, 29 Mass. App. Ct. at 309. See *Crall* v. *Leominster*, 362 Mass. 95, 103 (1972); *Turnpike Realty Co.* v. *Dedham*, 362 Mass. at 233; *Sturges* v. *Chilmark*, 380 Mass. 246, 257 (1980); *Marshall* v. *Topsfield*, 13 Mass. App. Ct. 425, 428 (1982). Contrast *Shapiro* v. *Cambridge*, 340 Mass. at 658 (applying "substantial relation" test to zoning amendment may require limitations that review of the original by-law did not).

Although the case is close, we think there was an inadequate basis for declaring the amendments invalid as they affected the locus. While a debatable proposition, the town planners believed the change would slow commercial expansion to some extent and, thus, decrease the traffic along Route 2A. The town's concern with concentrating future commercial development in particular areas was also proper. As we conclude that the April, 1990, rezoning affecting the locus was not unreasonable, we need not discuss the obvious justification for the November, 1990, amendment that permitted higher density of residential use for affordable housing purposes.

Accordingly, the judgment is reversed, and a new judgment shall enter declaring that the actions of the town affecting the trustees' property were valid and enforceable.

*So ordered.*