JOHN E. LOCATELLI *vs.* CITY OF MEDFORD.

Middlesex. February 7, 1934. — September 12, 1934.

Present: RUGG, C.J., CROSBY, PIERCE, WAIT, & DONAHUE, JJ.

*Zoning. Constitutional Law,* Police power. *Damages,* For land taken or damaged under statutory authority.

The enactment of a zoning ordinance or by-law by a municipality is a valid exercise of the police power.

All property is held subject to the valid exercise of the police power; and there is no right to recover compensation for damage caused thereby.

The circumstance, that land or the valuable use thereof has been adversely affected by the enactment of a zoning ordinance or by-law by a municipality, does not entitle the landowner to recover damages from the municipality under the statutes pertaining to eminent domain.

PETITION, filed in the Superior Court on March 3, 1933, and afterwards amended, for the assessment of damages alleged to have been sustained by the petitioner's assignors through the adoption by the respondent of a zoning ordinance.

The petition was tried before *Gibbs,* J., who ordered a verdict for the respondent and reported the petition for determination by this court.

The case was submitted on briefs.

*J. S. Calese,* for the petitioner.

*L. H. Peters,* for the respondent.

RUGG, C.J. This is a petition for the assessment of damages alleged to have arisen from a taking of real estate and of the right to use real estate. The case was heard upon an agreed statement of facts and upon certain undisputed evidence in addition. The essential facts in their aspect most favorable to the petitioner might have been found by the jury to be these: The petitioner acquired title to the land in question in 1931 and has since been the owner. He

is the holder of valid assignments of claims for damages against the respondent from all those who have held the record title to the land since October, 1924. On October 23, 1924, the city of Medford issued to the owner a permit to store and keep for sale on the land inflammable compounds including gasoline, with the right to maintain two underground tanks. This permit ran for one year and a similar permit has been issued each year until 1933. On October 28, 1924, the commissioner of buildings of the respondent issued a permit to erect a brick gasoline station building on the land. In reliance upon these permits the tanks were forthwith installed and sales of gasoline made. Building operations were commenced to the extent that a portion of the foundation of the proposed building was laid but work was stopped by action of the metropolitan district commission for reasons not pertinent to the present proceeding. The obstacle thus raised was not removed until September 11, 1925. In that month the location of the proposed building was changed and a new foundation was again in process of construction when work was stopped because it constituted a violation of the zoning ordinance of the city. There was no valid zoning ordinance at the time of the granting of the first permit but one was duly passed and became effective on October 28, 1925. By its terms the land in question was restricted to single residences. Unsuccessful efforts were made to have the zoning ordinance changed and to vary the application of that ordinance. All these efforts having failed, building operations were resumed under the old permits in May, 1928, but were stopped by a temporary injunction issued in a suit brought against the owner of the land by the building commissioner of the city. In July, 1929, the board of appeals authorized a variance in the application of the zoning ordinance so as to permit the erection of the gasoline station and in consequence a new building permit was issued. That action of the board of appeals was declared void by certiorari proceedings in *Kane* v. *Board of Appeals of Medford*, 273 Mass. 97, decided in October, 1930. In August, 1929, the injunction issued in the suit of the building commis-

sioner against the owner of the land was dissolved and the erection of the filling station was soon completed. No rights were claimed under the permit issued by the board of appeals and involved in *Kane* v. *Board of Appeals of Medford,* 273 Mass. 97. When the petitioner purchased the property in March, 1931, the building in dispute had been completed and a form of final decree dismissing the bill in the suit of the building commissioner against the owner of the land had been assented to and filed but not entered. The petitioner acted in good faith in making the purchase in reliance upon the dissolution of the injunction and the consent decree filed but not entered. It is alleged in the petition and admitted by the answer that it was decided on November 7, 1932, in the suit of the building commissioner against the owner of the land that the petitioner could not maintain a gasoline station on the premises in question because the trial judge found that the zoning ordinance was properly enacted, that the filling station was erected in violation thereof and that at the time of the enactment of the ordinance there were no existing building or structures and no existing use of any building or structures which would exempt this filling station from the application of the zoning ordinance, and because an order for decree in favor of the building commissioner was made.

Shortly stated the contention of the petitioner is that his land or the valuable use of his land has been adversely affected by the exercise of the police power and that therefore he is entitled to damages against the municipality authorized by law to enact an ordinance pursuant to the police power. That contention is foreclosed against the petitioner in the circumstances here disclosed by authoritative decisions. The enactment of the zoning ordinance was a valid exercise of the police power. *Inspector of Buildings of Lowell* v. *Stoklosa,* 250 Mass. 52. *Spector* v. *Building Inspector of Milton,* 250 Mass. 63. *Euclid* v. *Ambler Realty Co.* 272 U. S. 365. *Nebbia* v. *New York,* 291 U. S. 502, 524–528. There is nothing in the record to indicate that that zoning ordinance was not enacted in the utmost good faith and solely for the public welfare. All property is held

subject to the exercise of the police power. Damages caused by the valid exercise of that power give rise to no right to recover compensation. It was held in *Salem* v. *Maynes*, 123 Mass. 372, that a landowner and contractor who had begun work on the cellar on the site of a proposed wooden building, had made a contract for the erection of the building and had bought and prepared lumber to carry out the contract, were subject to an ordinance thereafter enacted forbidding the erection of such a building within a newly created fire district including the site in question. In *Brett* v. *Building Commissioner of Brookline*, 250 Mass. 73, the landowners had proceeded in the erection of buildings, pursuant to valid permits, quite as far as had the present petitioner and his predecessors in title, before the adoption of a zoning by-law prohibiting the erection of that kind of building within a zone which comprehended the land in question. It was held after full discussion and ample citation of authorities that the landowners must stop their building. *Dobbins* v. *Los Angeles*, 195 U. S. 223, upon which the petitioner relies, was there distinguished and shown to be inapplicable. The decision in the *Brett* case precisely governs the case at bar. In accordance with the terms of the report the entry must be

*Judgment for respondent.*