HAROLD J. LUNDY & another *vs.* TOWN OF WAYLAND.

Middlesex.   February 4, 1952. — April 4, 1952.

Present: QUA, C.J., LUMMUS, WILKINS, SPALDING, & WILLIAMS, JJ.

*Zoning.   Municipal Corporations,* By-laws and ordinances.  *Notice.*

There was compliance with the requirements of G. L. (Ter. Ed.) c. 40, § 32, as appearing in St. 1933, c. 185, § 1, respecting publication of a town by-law "in a town bulletin or pamphlet" and posting where it appeared that a proposed zoning by-law of a town as printed with a report of the planning board in a pamphlet distributed to the voters at a town meeting was adopted with minor amendments, and that thereafter the town clerk made appropriate corrections in the text of copies of the pamphlet and, after procuring the approval of the Attorney General, duly posted such copies "in the . . . precincts of the town"; a complete reprinting of the by-law as adopted was not necessary as a preliminary to posting.

The zoning by-law of a rural, sparsely inhabited town was on the record not unreasonable or invalid in that it placed in a residential zone a parcel of about two acres which was part of a tract devoted to residential purposes in a neighborhood where home building had increased, and which was located on a main highway opposite a business zone as yet only partly occupied for business purposes.

PETITION, filed in the Land Court on May 8, 1950.

The case was heard by *Cotton,* J.

*H. P. Ducharme,* for the petitioners.                    ·

*R. W. Meserve,* for the respondent.

LUMMUS, J.   This is a petition to the Land Court under G. L. (Ter. Ed.) c. 240, § 14A, inserted by St. 1934, c. 263, § 2, and G. L. (Ter. Ed.) c. 185, § 1 (j ½), inserted by St. 1934, c. 263, § 1, brought by the owners of a lot of about 85,000 square feet, originally an apple orchard, on the State or Post Road and Old Connecticut Path in Wayland, acquired by the petitioners on April 5, 1949, on which at the time when the zoning by-laws in question were adopted on September 5, 1934, were a cider mill and bar and a vegetable stand and display stand used by the predecessor in title of the petitioners for the sale of fruit, vegetables, cider and pottery, to obtain a determination that said zoning by-laws

are invalid and to restrain their enforcement. *Connors* v. *Burlington*, 325 Mass. 494, and cases cited.

By the zoning by-laws, the locus was classified as residential. The first contention of the petitioners is that the zoning by-laws were not published as required by G. L. (Ter. Ed.) c. 40, § 32, as it appeared in St. 1933, c. 185, § 1. That statute provided that "Before a by-law takes effect it shall be approved by the attorney general and shall be published in a town bulletin or pamphlet, copies of which shall be posted in at least five public places in the town; and if the town be divided into precincts copies shall be posted in one or more public places in each precinct of the town; or, instead of such publishing in a town bulletin or pamphlet and such posting, shall be published at least three times in one or more newspapers, if any, published in the town, otherwise in one or more newspapers published in the county." Then follows a provision for notice by delivery at every occupied dwelling or apartment, instead of publishing and posting.

At the town meeting held on March 7, 1934, the zoning by-laws were adopted. At the special town meeting held on September 5, 1934, slight corrections in the zoning by-laws were made, and the by-laws as corrected were adopted. Those corrections did not impair the validity of the action taken. *Burlington* v. *Dunn*, 318 Mass. 216, 218–219. *Fish* v. *Canton*, 322 Mass. 219, 222–223. The posting was of the by-laws as so corrected.[1] Merely because the by-laws

---

[1] Among the facts stated in the judge's decision were the following: "At a special town meeting held September 4 [5], 1934 . . . it was unanimously voted that the report of the planning board be accepted and that the zoning by-laws presented at the meeting by the board, following a public hearing . . . be . . . adopted, with . . . [three stated] corrections . . . . Prior to this special meeting the planning board had 500 pamphlets printed entitled 'Report of Wayland Planning Board and Proposed Zoning By-laws.' . . . This planning board pamphlet was distributed to and used by the voters at the September meeting and the town clerk retained the extra copies . . . . The clerk took these remaining copies, struck out the heading except the words 'Zoning By-laws,' crossed out other matter, made the three corrections voted, and submitted one of them, with the zoning map, to the Attorney General for approval. On September 26, 1934, they were returned duly approved by the Attorney General. . . . The town clerk thereupon made similar corrections in other planning board pamphlets so that they conformed with the context approved by the Attorney General and properly posted them in the two precincts of the town." — REPORTER.

were not completely printed again before the posting is, we think, no objection to their validity.

It is provided in G. L. (Ter. Ed.) c. 40, § 25, as it appears in St. 1933, c. 269, § 1, that the purpose of zoning by-laws is "promoting the health, safety, convenience, morals or welfare of" the inhabitants, and that in zoning "Due regard shall be paid to the characteristics of the different parts of the city or town, and the ordinances or by-laws established hereunder in any city or town shall be the same for zones, districts or streets having substantially the same character . . . ." *Whittemore* v. *Building Inspector of Falmouth*, 313 Mass. 248. *Smith* v. *Board of Appeals of Salem*, 313 Mass. 622. *Marblehead* v. *Rosenthal*, 316 Mass. 124, 126. A zoning by-law is presumed to be valid. *Pittsfield* v. *Oleksak*, 313 Mass. 553, 555. *Burlington* v. *Dunn*, 318 Mass. 216, 221. *Caires* v. *Building Commissioner of Hingham*, 323 Mass. 589, 594–595. *Lamarre* v. *Commissioner of Public Works of Fall River*, 324 Mass. 542, 545. "A zoning by-law will be sustained unless it is shown that there is no substantial relation between it and the furtherance of any of the general objects" of the zoning statute. *Caires* v. *Building Commissioner of Hingham*, 323 Mass. 589, 593. *Building Commissioner of Medford* v. *C. & H. Co.* 319 Mass. 273, 279. *Lamarre* v. *Commissioner of Public Works of Fall River*, 324 Mass. 542, 545.

The judge found that Wayland is a rural town, sparsely inhabited, with little business. The by-law provided for two business zones, one of which lies across the road from the land of the petitioners, and measures nine hundred feet by three hundred feet. No business is yet operated in it, except a grocery and meat market, an ice cream stand, a gasoline filling station, and a canteen store. Since 1934 the building of houses has increased in the neighborhood, and by the acts of the petitioners their original twelve acre tract has become a residential area on which seventeen houses have been built. There is no demand for additional business area, as the business zone near the locus is "hardly a quarter occupied" for business. On the whole the judge

found that the zoning by-laws are valid as applied to the locus.

The judge found as follows: "On all the evidence I find that the planning board complied with the law as to public hearing and report; that their report was circulated and in the hands of the voters at the special town meeting of September 4 [5], 1934; that certain amendments were adopted which were to perfect the by-laws and were not fundamental in character; that the by-laws there adopted were submitted to the Attorney General and duly approved by him; that thereafter the town clerk properly posted them in the precincts of the town and that they thereupon became valid and effective zoning by-laws; that the document printed by the planning board, used by the voter, and thereafter used by the town clerk as corrected, comes within the requirements that it be published in a town bulletin or pamphlet. . . . On all the evidence I rule and determine that the zoning by-laws as amended and adopted at the special town meeting of September 5, 1934, became valid and of full force and effect upon the posting which was completed on October 22, 1934, and were duly published within the meaning and intent of the applicable statute."

We find nothing erroneous in the action of the judge upon the requests for rulings presented to him. The facts expressly found cover most of the questions so raised.

*Exceptions overruled.*