EDWARD M. KAPLAN vs. CITY OF BOSTON.

Suffolk.    April 7, 8, 1953. — July 3, 1953.

Present: QUA, C.J., LUMMUS, WILKINS, WILLIAMS, & COUNIHAN, JJ.

Zoning.   Evidence, Relevancy and materiality, Competency.

A landowner attacking a zoning regulation as arbitrary, unreasonable and invalid in its application to his land must show that as so applied the regulation has no substantial relation to any of the proper objects of zoning.   [383–384]

Residential zoning of a parcel of vacant city land approximately an acre in area, capable of being used for residential purposes, and located in the midst of a residential neighborhood similarly zoned was valid even though such zoning of the parcel reduced its value.   [384]

A letter expressing an opinion of the traffic commissioner of a city that it would be in the interest of public safety and convenience to have a certain parcel of vacant land in the city used as a parking space was incompetent in a proceeding by the owner of the parcel against the city to determine the validity of residential zoning of the parcel. [384–385]

PETITION, filed in the Land Court on November 26, 1951.

The case was heard by Cotton, J.

Isadore H. Y. Muchnick, (Richard H. Gens with him,) for the petitioner.

William A. McDermott, Assistant Corporation Counsel, (Arthur G. Coffey, Assistant Corporation Counsel, with him,) for the respondent.

WILLIAMS, J.   This is a petition under G. L. (Ter. Ed.) c. 240, § 14A, inserted by St. 1934, c. 263, § 2, by the owner of land on Chiswick Road in the city of Boston for a determination of the validity of a zoning regulation of the city in so far as it applies to the petitioner's land.   The Land Court decided that the zoning regulation was valid, and the case is here on the petitioner's exceptions to the exclusion of certain evidence and the rulings and refusals to rule of the trial judge.

The land in question is a vacant parcel approximately 44,000 square feet in area located a short distance west of

Commonwealth Avenue on the northerly side of Chiswick Road. It lies within a so called general residence district established by St. 1924, c. 488, which provided for the zoning of the city of Boston. In a general residence district no building or premises shall be used for purposes other than dwellings, with certain exceptions not here material (§ 4). In the front part of the petitioner's land buildings may be erected to a height of 40 feet, and in the rear to a height of 35 feet.

In the petition it is alleged that "it is impracticable and almost impossible . . . to develop said property advantageously due to the fact that . . . [the] land consists primarily of rock ledge . . . and that the cost of building . . . would be prohibitive"; that "if a building were to be erected . . . [it] could not yield sufficient return to offset . . . prohibitive costs"; that "there is a great public need in the area . . . for off-street parking . . . [which] would in no way change the character of the district . . . [nor] cause any detriment to the public good"; and that ". . . [the statute], as . . . applied to petitioner's premises, is unreasonable, confiscatory, arbitrary, illegal and void" and violates the Constitution of the Commonwealth and the Fourteenth Amendment to the Constitution of the United States.

The judge made findings substantially as follows. The petitioner's land is generally level with a slight rise from front to back except at the rear where there is a ridge, rising abruptly to a height of about 20 feet at the east end and about 10 feet at the west end, composed of gravel and composite stone similar to "pudding stone." Adjoining the lot on the east is a block of one story stores extending from the locus to Commonwealth Avenue, the permissive maintenance of which results from a prior nonconforming use. On the west there is a four story apartment building. Across Chiswick Road is a triangular city park of about one half acre, to the south of which are brick apartment buildings and one private dwelling. North of the ridge the city is developing a public playground. "The locus itself

is not attractive but not objectionable. The surroundings are attractive with more open space than is usually found in built-up residential areas in the city. It is a pleasant area and well fitted for families to live in . . . the area surrounding locus is an attractive residential neighborhood and . . . locus is an integral part in no way isolated therefrom. [The] locus is well adapted for any type of construction and the evidence does not satisfy me that . . . [it] is useless for some type of residence. Undoubtedly it would be a convenience to those in the immediate neighborhood who own automobiles to have an outdoor regulated parking space. . . . Such owners, however, are not the general public nor by any means all of the families who live in the neighborhood. . . . [The] locus has value under the present regulations; whether petitioner can dispose of it at a profit I am unable to determine, as the terms of his acquisition . . . [are] not evident and petitioner himself had no idea as to its value. He purchased it a few years ago as an investment. No business use is any nearer locus than when the zoning regulations were first enacted. It is more residential now than then. No substantial changes in character or use of the area have occurred nor [are] likely to occur in the foreseeable future." He ruled as requested by the petitioner that the restrictions reduced the value of the land. In conclusion he found that the regulations "applicable to locus are reasonable and valid; that making locus available for commercial or business purposes is not consonant with the surroundings and would not carry out the purposes of the act in the interests of the general area nor the city; that as applied to petitioner's land they are reasonable and have a substantial relation to the purposes of the act"; and that the regulations "are valid and in full force and effect in their application and effect upon petitioner's land described and set forth in his petition."

A zoning by-law is presumed to be valid and will be sustained unless it is shown that there is no substantial relation between it and the furtherance of any of the general objects of the zoning statute. *Lundy* v. *Wayland,* 328 Mass. 581,

583. See G. L. (Ter. Ed.) c. 40, § 25, as it appears in St. 1933, c. 269, § 1. In the instant case the burden rested upon the petitioner to prove that the act of the Legislature had no substantial relation to the public safety, health or welfare but amounted to an arbitrary, unreasonable, and oppressive deprivation of the owner's interest in his property. *122 Main Street Corp.* v. *Brockton,* 323 Mass. 646. *Barney & Carey Co.* v. *Milton,* 324 Mass. 440, 445. *Lamarre* v. *Commissioner of Public Works of Fall River,* 324 Mass. 542. *Euclid* v. *Ambler Realty Co.* 272 U. S. 365, 387, 395. As pertinent thereto consideration should be given to the location, size, and physical characteristics of the land involved together with the nature and use of other land in the vicinity. See *Barney & Carey Co.* v. *Milton,* 324 Mass. 440, 449. Nonproductiveness of income and the deprivation of some beneficial use while material are not the sole determining factors. See *Phillips* v. *Board of Appeals of Springfield,* 286 Mass. 469, 472; *Leahy* v. *Inspector of Buildings of New Bedford,* 308 Mass. 128, 133; *Simon* v. *Needham,* 311 Mass. 560, 565; *Pittsfield* v. *Oleksak,* 313 Mass. 553. The primary purpose of zoning is the preservation in the public interest of certain neighborhoods against uses which are believed to be deleterious to such neighborhoods. *Circle Lounge & Grille, Inc.* v. *Board of Appeal of Boston,* 324 Mass. 427, 431.

In view of these established principles, there seems to be no merit in the petitioner's contentions. The judge viewed the premises, and his findings, which appear to be supported by the evidence, are to be accepted as final. See *Barney & Carey Co.* v. *Milton, supra,* page 449. The land in question is located in the midst of a large area all of which is similarly zoned. It is a residential neighborhood and the land is suitable for residential construction. It does not appear that it was arbitrary or unreasonable to include it in a district wherein the other properties in the vicinity were restricted to residential use. There was no error in the judge's conclusion that the zoning act as applicable to the petitioner's property was valid.

The petitioner excepted to the exclusion of a letter from

the traffic commissioner of the city of Boston in which he expressed his opinion that it would be in the interest of public safety and convenience to have the petitioner's land used as a parking space. The letter was clearly inadmissible. See *Runels* v. *Lowell Sun Co.* 318 Mass. 466, 470; *Commonwealth* v. *Slavski*, 245 Mass. 405, 417.

No error is disclosed in the dealing by the judge with the several requests for rulings by the petitioner which were refused and those of the respondent which were granted. See *Connors* v. *Burlington*, 325 Mass. 494, 496.

*Exceptions overruled.*