Town of Tewksbury *vs.* Kenneth W. Thuillier
& another.

Middlesex.    December 5, 1961. — January 12, 1962.

Present: Wilkins, C.J., Spalding, Williams, Whittemore,
& Spiegel, JJ.

*Municipal Corporations,* By-laws and ordinances. *Notice.*

There was substantial compliance with the requirements of G. L. c. 40,
§ 32, as amended, respecting publication of a town by-law in a town
bulletin and posting of copies thereof in public places where the town
clerk of a town having two precincts made "five exact copies" of a
letter on her official letterhead to the Attorney General setting forth a
by-law amendment and bearing his approval thereof, attested the
copies, and in one precinct posted a copy at her office, a copy at each
of two post offices and a copy at the town hall and in the other precinct
posted a copy at a market.

Bill in equity, filed in the Superior Court on December
16, 1958.

The suit was heard by *Barron,* J.

*Thomas F. Casey, (Thomas J. O'Donnell* with him,) for
the defendants.

*Warren W. Allgrove,* Town Counsel, for the plaintiff.

Whittemore, J.   The final decree in the Superior Court
enjoined the defendants from maintaining trailers or "mo-
bile homes" on their premises on Astle Street in Tewksbury
and ordered the removal therefrom of two trailers.   The
judge ruled that the presence of the trailers on the defend-
ants' land violated the zoning by-law as amended at a town
meeting on February 16, 1955.   The evidence is reported.

The defendants' appeal challenges the validity of the pub-
lic notice of the adoption of the zoning by-law under G. L.
c. 40, § 32, as amended.   This statute, in addition to provi-
sions in respect of approval by the Attorney General, pro-
vides that before "a by-law takes effect it shall also be
published in a town bulletin or pamphlet, copies of which

shall be posted in at least five public places in the town; and if the town is divided into precincts, copies shall be posted in one or more public places in each precinct . . .; or . . . copies thereof shall be published at least three times in one or more newspapers . . .." A third alternative of the statute is to deliver a copy of the by-law at every occupied dwelling and to file affidavits of such delivery.

The former town clerk, in office in 1955, testified that she made "five exact copies of the by-law as submitted to the Attorney General and [as] it was returned to me with his approval, and attested them," and on May 2, 1955, the town having two precincts, posted four of the copies in precinct one, that is, at her office, at two post offices, and at the town hall, and posted the fifth at a market in precinct 2.

That posting, as the judge ruled, substantially complied with the statute. See *Lundy* v. *Wayland,* 328 Mass. 581, 582–583. The attested copy was in substance a town bulletin; it was not necessary that it be given that formal title. It is perhaps a reasonable inference that the posted papers, except for type in place of ink signatures, reproduced in all respects the document which was returned by the Attorney General. That document was on the official letterhead of the town clerk. It contained her letter setting out the amendment and the Attorney General's approval thereof. In any case, there is no basis for concluding that the papers posted did not appear to present official matter of public concern.

*Decree affirmed.*