BELMONT SPRINGS WATER CO., INC. *vs.* TOWN OF BELMONT. March 28, 1963. Appeal dismissed. Exceptions overruled. This is a petition in the Land Court under G. L. c. 240, § 14A, and c. 185, § 1 (j1/2), both inserted by St. 1934, c. 263, by the holder of a freehold estate in possession in the respondent town of Belmont for determination of the validity of the zoning by-law of the town in so far as it applies to the petitioner's land, a parcel comprising 2.38 acres. The case comes here both by appeal and exceptions. Since all the questions sought to be raised are brought here by the bill of exceptions, there is no need to consider the appeal. The petitioner is engaged in bottling and distilling spring water (a nonconforming use) in a district which is zoned for residences. The petitioner contends in substance that the zoning by-law as applied to its land is arbitrary and without substantial relationship to the enabling act; that it contravenes arts. 1 and 10 of our Declaration of Rights and the Fourteenth Amendment to the Federal Constitution; that the land is not suitable for residential purposes; and that it imposes undue hardship on the petitioner. The judge took a view. After setting forth the subsidiary facts in considerable detail he concluded: "On all the facts, including the view and testimony, and bearing in mind the size, characteristics of the land, nature and use of adjoining land in the general vicinity, and all the physical aspects that are involved, I find that the application of the zoning by laws is valid and legal as applicable to locus and bears a rational relation to the purposes of the public welfare of the Town which justify such application." The respondent excepted to the denial of its requests for rulings, the court's decision, and a ruling on evidence. The applicable principles of law have been set forth in several decisions of this court. See *Barney &*

*Carey Co.* v. *Milton,* 324 Mass. 440; *Lundy* v. *Wayland,* 328 Mass. 581; *Kaplan* v. *Boston,* 330 Mass. 381. There was no error in the judge's conclusion that the zoning by-law as applicable to the petitioner's property was valid. Nor was there any error in the action of the judge upon the requests for rulings presented to him; the facts expressly found cover most of the questions so raised. The ruling on evidence of which the petitioner complains did not limit improperly the scope of the inquiry, and was right.

*David W. Walsh* for the petitioner.

*Earle C. Parks,* Town Counsel (*Theodore L. Tillotson* with him) for the respondent.