MINOT J. ANDERSON & another *vs.* TOWN OF WILMINGTON.

Suffolk.   February 4, 1964. — April 10, 1964.

Present: WILKINS, C.J., SPALDING, KIRK, SPIEGEL, & REARDON, JJ.

*Zoning,* Validity.

On the facts, the zoning by-law of a growing town, more than twenty-five
    percent of which was swampy, was not invalid as arbitrary, unreason-
    able and unrelated to statutory zoning purposes in placing in a resi-
    dential zoning district a parcel of approximately 3.4 acres located in the
    immediate vicinity of several homes, although much of the parcel was
    swampy and developing it for residences would involve substantial cost
    and might not result in maximum profit to the landowner.

PETITION filed in the Land Court on August 7, 1962.

The case was heard by *Cotton,* J.

*Avram G. Hammer* (*Richard C. Sheppard* with him) for
the petitioners.

*David H. Morse* for the respondent.

SPIEGEL, J.   This is a petition brought in the Land Court
under the provisions of G. L. c. 185, § 1 (j½), and c. 240,
§ 14A, both inserted by St. 1934, c. 263, to determine the
validity of a zoning by-law of the town of Wilmington (town)
as it affects the petitioners' land.   The petitioners appealed
from the judge's decision that the "zoning by-laws of the
Town . . . as applied to petitioners' land . . . [are] valid."
The judge viewed the locus and "stopped on Route 93
which is elevated above locus and viewed locus and neigh-
boring area."   The rather extensive decision of the judge
reviews the allegations of the petitioners and the answer of
the town, states portions of the evidence, and incorporates
by reference all of the exhibits.   We are of opinion that a
number of the statements included in the judge's decision
are intended to be findings of fact and we so treat them.   In
any event the substantive facts do not appear to be in dis-
pute and need not be stated in detail.   The petitioners own
a tract of land consisting of approximately 3.4 acres.   Un-
der the 1955 zoning by-law, the entire tract was placed in a

single residence A district.[1]  Much of the petitioners' tract
is swampy, as is more than twenty-five per cent of the town.
In 1962 the petitioners submitted a " 'Preliminary Subdi-
vision' of part of their land" (including the locus which
they maintain is invalidly zoned) to the town's health of-
ficer, but he did not consider most of the locus "suitable for
the disposal of domestic sewage."  The estimated cost of
rendering the land more suitable for residential develop-
ment is $102,500.  Since 1955, the town has experienced an
increase of approximately fifty per cent in population and
in the number of homes.

The standard by which the validity of a zoning by-law is
to be determined has been stated frequently in the opinions
of this court.  "Every presumption is to be afforded in
favor of the validity of an ordinance and if its reasonable-
ness is fairly debatable the judgment of the local authorities
who gave it its being will prevail. . . .  It will be sustained
unless there exists no substantial relation between it and
the expressed purposes of the statute.  Conversely, it will
be held invalid if it be arbitrary or unreasonable, or sub-
stantially unrelated to the public health, safety, convenience,
morals or welfare" (citations omitted).  *Schertzer* v. *Som-
erville,* 345 Mass. 747, 751.  *Massachusetts Broken Stone
Co.* v. *Weston,* 346 Mass. 657, 659–660.  "The burden is on
the petitioner to show that the by-law is in conflict with
the enabling act or with applicable statutory provisions."
*Massachusetts Broken Stone Co.* v. *Weston, supra,* 660.
*Pierce* v. *Wellesley,* 336 Mass. 517, 521.  In the instant case,
we are of opinion that the petitioners have not satisfied this
burden.

In their brief the petitioners argue that the Wilmington
zoning by-law is invalid as applied to their locus, mainly on
the basis of this court's holding in the case of *Barney &
Carey Co.* v. *Milton,* 324 Mass. 440.  In that case, the trial
judge had upheld a zoning by-law largely on the basis of
aesthetic considerations.  The petitioner was the owner of

[1] A residential district in which the minimum lot area for permitted uses is
22,500 square feet.

*isolated* land which was partly swamp; there was no "present market for such land as sites for homes" (p. 446). The trial judge apparently reasoned that the presence of commercial structures on this land might "give one approaching the town a wrong impression of the residential character of the town" and would adversely affect the "view from the residences" on a hill "some distance away" (pp. 447–448). This court said that aesthetic considerations "do not alone justify restrictions upon private property." *Barney & Carey Co.* v. *Milton, supra,* 448.

As in the *Barney & Carey* case, *supra,* the present petitioners' land is partly marsh and the cost of developing this land for residential housing would be substantial. But here the similarity ends. In the present case, the petitioners' land is not isolated; the aerial photograph shows that there are several homes in the immediate vicinity. There is nothing in the record to indicate that if the petitioners' land were developed for home sites, a market for this land or for the homes that could be built thereon would be lacking, nor is there any reason for us to conclude that the land is substantially better suited for nonresidential uses. The zoning by-law before us does not appear to have been adopted only because of aesthetic considerations; on the contrary, the judge of the Land Court stated that the 1955 zoning ordinance, as applied to the petitioners' land, "has a substantial and reasonable relation to the public welfare of the town." Finally, the judge in substance asserted that, in view of the prevalence of marshland in Wilmington, to invalidate the zoning by-law as applied to the petitioners' tract would be to "deny the town an opportunity to adopt any zoning." It may well be that the zoning by-law does not permit the petitioners to realize maximum profits from the use of their land, but this is not sufficient cause to invalidate it. *Kaplan* v. *Boston,* 330 Mass. 381, 384. *Massachusetts Broken Stone Co.* v. *Weston, supra.*

*Decision affirmed.*