ROBERT M. VAN SANT & others *vs.* BUILDING INSPECTOR OF DENNIS & others.

Barnstable.    March 7, 1967. — March 31, 1967.

Present: WILKINS, C.J., SPALDING, CUTTER, SPIEGEL, & REARDON, JJ.

*Zoning,* Validity, Spot zoning.

Zoning action by a town leaving a certain parcel unrestricted upon the original establishment of a residential district about a mile and one half long surrounding that parcel and located on a principal county road through a wooded area with few buildings was not shown to be unreasonable or invalid because of such exclusion where it appeared, among other facts, that at the time of the zoning two businesses were conducted on the excluded parcel, that the flow of traffic into a drive-in motion picture theatre and a municipal golf course had materially

changed the immediate neighborhood of the excluded parcel, that property across the road therefrom had been similarly excluded from a substantial residentially zoned area, and that the zoning did not cause unreasonable change in uniformity in existing conditions in the immediate area of the excluded parcel.

PETITION for a writ of mandamus filed in the Superior Court on October 7, 1965.

The case was heard by *Hudson*, J.

*Joseph H. Beecher* for the petitioners.

*George E. Armeson*, Town Counsel, for the respondents.

WILKINS, C.J.   The petitioners, residents and taxpayers in the town of Dennis, seek a writ of mandamus against the building inspector and Richard S. Brooke (the respondent) and his wife, the owners of a parcel of land, to require the building inspector to enforce the zoning by-law with respect to that land.   There was an order dismissing the petition. The petitioners appealed.   The facts are from the judge's findings.

The locus has a frontage of 190 feet and a depth of 240 feet on the easterly side of Route 134, a principal county road which runs approximately five miles from the southerly side to the northerly side of the Cape.   The road is sixty feet in width, and there are no sidewalks.   It runs through a wooded area with few buildings, and is fed by the Mid-Cape Highway.

The zoning by-law was originally adopted in 1951 when certain areas were divided into two classes of districts, residential and unrestricted.   A large part of the town remained unzoned.

The issues principally concern the area in the vicinity of Golf Course Road and Hockum Rock Road.   Golf Course Road was laid out in 1964, and runs easterly from Route 134 about 400 feet to a municipal golf course.   Between the locus and Golf Course Road are two houses on lots immediately adjoining.   On the northeast corner of Golf Course Road are a house and barn.   From that point to the end of Route 134, a distance of about a mile, there are about fifteen houses and cottages, widely separated.   On the westerly

side of Route 134, almost directly across from Golf Course Road, is Hockum Rock Road, which leads in about a quarter of a mile to an open air motion picture theatre. The entrance to the road has a large electric sign in the center. The road was laid out in 1940, is sixty feet wide, and is used almost exclusively as an entrance to the theatre. There are no houses or other buildings on the road. Four or five houses adjoining each other near the locus are attractive and well kept.

This controversy arises out of new zoning which was voted in 1964 and did not include the locus. In March of that year at the annual town meeting a new residential zone two miles long was established of previously unzoned land on the westerly side of Route 134, leaving still unzoned 300 feet on each side of Hockum Rock Road. The easterly side of Route 134 remained unzoned until a special town meeting on October 19, 1964. An article in the warrant, approved by the planning board, had for its purpose establishing a residential district about a mile and one half long on the easterly side of Route 134. The proposed district embraced the locus, but on motion of the respondent the locus was excepted from the proposal. The town meeting then voted to adopt the new zone, leaving the locus unrestricted.

On June 22, 1965, the respondent building inspector issued to the respondent a permit for the building of a 44-unit motel on the locus.

The trial judge held that the by-law adopted at the special town meeting is in accordance with law. In his findings he stated his opinion that he should not substitute his judgment for that of the town meeting. Among his reasons were these. The property across the street had been similarly excluded from a substantial residentially zoned area. The locus enjoys a nonconforming use consisting of two business uses: house painting and school bus operation. The enactment is an initial zoning, not a variance. The immediate neighborhood has materially changed by reason of the entrances to the drive-in and to the municipal golf course, which create a greater flow of traffic. The pre-

sumption is that the local by-law is in accordance with law. The by-law does not cause unreasonable change in uniformity in existing conditions in the immediate area. The reasonableness of the law is fairly debatable.

The heart of the petitioners' argument is that the by-law is invalid as selecting one parcel and leaving it without restrictions while onerous restrictions were imposed on other parcels similarly situated. This might be described as spot zoning in reverse.

We are not confronted by a situation where an existing by-law has been amended by singling out from an established zone a particular lot for special treatment, as in *Whittemore* v. *Town Clerk of Falmouth,* 299 Mass. 64, and *Leahy* v. *Inspector of Bldgs. of New Bedford,* 308 Mass. 128, 133. The issue is one arising in an original scheme of zoning. See *Tracy* v. *Board of Appeals of Marblehead,* 339 Mass. 205, 208. A zoning by-law is presumed to be valid and will be sustained unless it is shown to have no substantial relation with any of the general objects of the zoning enabling act or to conflict with some constitutional provision. *Lexington* v. *Simeone,* 334 Mass. 127, 130. The burden is on the petitioners to show the contrary. *Massachusetts Broken Stone Co.* v. *Weston,* 346 Mass. 657, 660. *Anderson* v. *Wilmington,* 347 Mass. 302, 303. This is a heavy burden. *Pierce* v. *Wellesley,* 336 Mass. 517, 521. It also must be presumed that the voters of the town were familiar with the physical characteristics of the locality and the general nature of the neighborhood. *Milton* v. *Donnelly,* 306 Mass. 451, 459. "Where the reasonableness of a zoning by-law is fairly debatable, the judgment of the local legislative body upon which rested the duty and the responsibility for its enactment must be upheld." *Aronson* v. *Sharon,* 346 Mass. 598, 602, and cases cited.

The trial judge ruled that he should not substitute his judgment for that of the town. This was correct. See *Concord* v. *Attorney Gen.* 336 Mass. 17, 25–26. We likewise should not substitute ours.

*Order affirmed.*