RALPH K. MAIDER *vs.* TOWN OF DOVER.

Norfolk.    December 12, 1973. — January 29, 1974.

Present: HALE, C.J., ROSE, KEVILLE, & ARMSTRONG, JJ.

*Zoning,* Validity. *Constitutional Law,* Zoning, Police power. *Evidence,* Presumptions and burden of proof. *Municipal Corporations,* Town meeting.

A residential zoning classification was not invalid as unconstitutional or in conflict with the zoning enabling act when applied to a nonconforming full service gasoline station in a predominantly residential town, even though the town had grown and traffic on the road abutting the station had increased since such zoning classification was originally adopted, where the area surrounding the station had retained a residential character and the location of the station had substantial value even if restricted to a residential use. [686-688]

Even if based on aesthetic grounds, recommendations of a town's planning board unfavorable to proposed amendments of the town's zoning by-law were advisory only and not binding on the voters at town meetings and did not taint rejection of the proposed amendments by the meetings. [688-689]

BILL IN EQUITY filed in the Superior Court on July 25, 1969, and subsequently amended.

The suit was heard by *Brogna,* J.

*Ralph C. Copeland* for the plaintiff.

*Reginald H. Howe* (*Acheson H. Callaghan, Jr.,* with him) for the defendant.

KEVILLE, J.    This proceeding originated as an appeal under G. L. c. 40A, § 21, from a decision of the Board of

Maider *v.* Dover.

Appeals of the town of Dover denying the petitioner's application for a special permit. At the outset of the trial in the Superior Court the petitioner waived his appeal from the decision of the Board of Appeals and by agreement substituted a bill for declaratory relief (G. L. c. 231A). The case was then tried on the allegations of this substitute bill in which the petitioner challenged the validity of the zoning by-law of the town as applied to his land (the locus) which since 1933, when the town first adopted a zoning by-law, has been in a single-family residence zoning district.

The petitioner has appealed from the final decree of the trial judge upholding the validity of the zoning by-law as applied to the locus. We have before us the judge's findings, rulings and order for decree, a transcript of the evidence and various exhibits. The facts may be summarized as follows:

*The town.* The town of Dover contains about 15.3 square miles or 9,796 acres. It is essentially a residential community except for streets and railroad and utility rights of way. Only five acres of the town are zoned for other than single-family residences. Two of these acres are zoned for industrial use and they have been purchased by the town which now contains no industry. The remaining three acres are.zoned for business and are located in the center of town about three and one-half miles from the locus. In residential districts gasoline stations are not allowed even by special permit.[1] The population of the town has increased substantially in recent years. Since 1946 the number of single-family dwellings has increased from 447 to 1,270 in 1970. The town has not entered into regional planning under the provisions of G. L. c. 40B.

*The environs.* The locus faces County Street, a two-lane highway, which is the only principal or secondary highway traversing the town. It marks the southerly boundary of Dover for a distance of one mile. It is designated as State

---

[1] Under Section III, 1. (h), of the zoning by-law, a gasoline filling station may be erected in a business district by special permit of the Board of Appeals and subject to various safeguards (Section III, 1) designed to protect the neighborhood.

Highway 109 and is the chief highway from Route 128 to Milford and other towns in the Blackstone valley. Its commuter traffic, which has increased in the past ten years, is moderately heavy during rush hours. At other times the traffic is moderate to light. The southerly side of County Street opposite the locus is in Walpole and lies in a residential zone. On that side there is a recently developed subdivision including a residence which fronts on County Street directly opposite the locus. County Street runs east into Westwood and west into Medfield. That portion of each of those towns adjacent to Dover is residentially zoned. Save for the petitioner's, no business uses exist along County Street in Dover or Walpole. There are ten single-family residences along County Street in Dover.

The town's 1958 master plan described the area in Dover adjacent to the Westwood line between County Street and Hartford Street as a logical place for future residential development and recommended its retention as a residential district. In that area there are now about 300 homes approximately three quarters of a mile distant from the locus. There are two gasoline stations in Westwood and two in Medfield which are located between one and one-half and two miles from the locus.

*The locus.* The locus, comprising approximately three quarters of an acre, is on the northerly side of County Street and has been used as a gasoline station since 1920, and has continued to be so used, after the adoption of the zoning by-law in 1933, as a nonconforming use. When the petitioner purchased the locus in 1962, he was aware that it was zoned for residential use and the gasoline station was a nonconforming use. He operates a full service gasoline station. On the locus there are two old frame buildings, one used as an office and the other for the storage of tires. There are three gasoline pumps and a hydraulic lift located out-of-doors. He lubricates and repairs automobiles and maintains a tow truck for towing service and snow plowing during the wintertime.

The station is open from 6:30 A.M. to 9:00 P.M. except on Sunday when it is open from 9:00 A.M. to 6:00 P.M. About

twice a week gasoline is delivered by tank truck to the underground storage tank. The gasoline station is plainly visible and noise and odors from its operation are noticeable to neighbors living immediately to the rear of the locus. The petitioner's objective is to replace the present structures with a modern gasoline station building containing bays for servicing automobiles and to install additional storage tanks. To accomplish this he unsuccessfully sought a special permit in 1969. In 1970, 1971 and 1972 articles to rezone the locus were defeated in the town meeting.

The petitioner asserts in effect that due to an increase in population, residential building and traffic along County Street following the enactment of the zoning by-law, the inclusion of his land in a residential district is so arbitrary and unreasonable that as matter of law it is confiscatory, and that therefore the zoning classification of the locus is not within the scope of the Zoning Enabling Act.[2]

The judge found that although a residential use of the locus may not be its best use, it is not an impractical one (an expert witness called by the petitioner placed a value on the locus of $10,000 "as a piece of land for single-family

---

[2] General Laws, c. 40A, § 2 (second paragraph), as appearing in St. 1954, c. 368, § 2, provides that:

"For any or all of such purposes a zoning ordinance or by-law may divide the municipality into districts of such number, shape and area as may be deemed best suited to carry out the purposes of this chapter, and within such districts it may regulate and restrict the erection, construction, reconstruction, alteration or use of buildings, and structures, or use of land, and may prohibit noxious trades within the municipality or any specified part thereof. All such regulations and restrictions shall be uniform for each class or kind of buildings, structures or land, and for each class or kind of use, throughout the district, but the regulations and restrictions in one district may differ from those in other districts. *Due regard shall be paid to the characteristics of the different parts of the city or town,* and the zoning regulations in any city or town shall be the same for zones, districts or streets having substantially the same character. A zoning ordinance or by-law may provide that lands deemed subject to seasonal or periodic flooding shall not be used for residence or other purposes in such a manner as to endanger the health or safety of the occupants thereof" (emphasis supplied).

General Laws, c. 40A, § 3, as so appearing, provides:

"*Zoning regulations and restrictions shall be designed* among other purposes to lessen congestion in the streets; to conserve health; to secure safety from fire, panic and other dangers; to provide adequate light and air; to prevent overcrowding of land; to avoid undue concentration of population; to facilitate the adequate provision of transportation, water, sewerage, schools, parks and other public requirements; to conserve the value of land and buildings; *to encourage the most appropriate use of land throughout the city or town;* and to preserve and increase its amenities" (emphasis supplied).

residence"); and he ruled that the town could continue to zone the locus and its surrounding area for residential use; that because of dangers associated with the storage of gasoline and the detrimental effect on the neighborhood of noise, odors and traffic associated with the operation of a gasoline station, the exclusion of such stations from residential districts is reasonably related to the public health, safety and welfare. He ruled that neither prospective convenience to the petitioner's customers through the modernization and enlargement of his facilities to give better service nor the fact that only a minute area of the town has been zoned for business is a sufficient reason for declaring the present zoning invalid and that the decision to expand the business district rests with the town and not with the court.

The petitioner must sustain a heavy burden in showing that the by-law is in conflict with the enabling act or with applicable constitutional provisions. *Pierce* v. *Wellesley,* 336 Mass. 517, 521 (1957). *Turnpike Realty Co. Inc.* v. *Dedham,* 362 Mass. 221, 233 (1972).

The criteria for judicial review in this type of case may be stated as follows. The by-law is subject to review by the court to determine whether it represents lawful exercise of the police power. The question is whether the court can pronounce the by-law an unreasonable exercise of power having no rational relation to the public safety, public health or public morals. If the reasonableness of the by-law is fairly debatable, the judgment of the local legislative body responsible for its enactment must be sustained. Every presumption is to be made in favor of its validity. *Crall* v. *Leominster,* 362 Mass. 95, 101-102 (1972) and cases cited.

In determining the reasonableness of the zoning by-law as applied to the locus, consideration is to be given to its location, size and physical characteristics together with the nature and use of other land in the vicinity. Non-productiveness of income and deprivation of some beneficial use, while material, are not the sole determining factors. *Kaplan* v. *Boston,* 330 Mass. 381, 384 (1953) and cases cited.

The evidence demonstrates that the land along County Street, despite the increase in its volume of traffic, has since 1933 retained the characteristics of a residential neighborhood. The petitioner's is the only business on the street in either Dover or Walpole. There is no showing of marked difference in the locus, apart from its nonconforming use, from other property along that street which would warrant special zoning consideration.[3]

Exclusion of gasoline stations from residential districts, as the judge found, is reasonably related to the public health, safety and welfare and is a valid exercise of police power. See *Locatelli* v. *Medford,* 287 Mass. 560 (1934) and *Everpure Ice Mfg. Co. Inc.* v. *Board of Appeals of Lawrence,* 324 Mass. 433, 438-439 (1949).

This is not an instance where the application of a zoning by-law becomes confiscatory because the resulting injury to the owner of the land is so substantial as compared with the resulting trivial public benefit. *Jenckes* v. *Building Commr. of Brookline,* 341 Mass. 162, 166 (1960). Granting, as the judge has implied, that residential use is not the best use of the property (the petitioner's expert valued the land if used as a gasoline station at $100,000) and granting that the locus would be substantially more valuable zoned for gasoline station use, those facts alone would not amount to an unconstitutional deprivation of the petitioner's property. The fact that he may not be able to put his land to its most profitable use is not sufficient reason to invalidate the zoning by-law. *Massachusetts Broken Stone Co.* v. *Weston,* 346 Mass. 657, 661 (1964). *Anderson* v. *Wilmington,* 347 Mass. 302, 304 (1964). *Turnpike Realty Co. Inc.* v. *Dedham,* 362 Mass. 221, 236-237 (1972).

Finally, we find tenuous the plaintiff's assertion that the town meetings' rejection of the articles to change the zoning of the locus was solely for aesthetic reasons and that, therefore, the zoning by-law is invalid. His argument is based solely upon testimony of the chairman of the plan-

---

[3] In his brief the petitioner concedes that "the totality of the facts are not such as would, as a matter of law, require the granting of a variance."

ning board to the effect that the board recommended rejection of the articles for aesthetic reasons. The reports of the board to the town meeting were not in evidence. In any event, the recommendations of the planning board to the town meeting would be only advisory and in no sense binding on the voters. *Caires* v. *Building Commr. of Hingham,* 323 Mass. 589, 595-596 (1949). *Noonan* v. *Moulton,* 348 Mass. 633, 639 (1965). See *Turnpike Realty Co. Inc. v. Dedham,* 362 Mass. 221, 225-226 (1972).

We conclude that the evidence and the law support the findings and rulings of the judge.

*Decree affirmed.*