NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-814

ROBERT RODERIQUES

vs.

PLANNING BOARD OF FAIRHAVEN & another.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The town of Fairhaven planning board (planning board) denied an application for a subdivision plan approval filed by the plaintiff, Robert Roderiques.  The plaintiff appealed the planning board's decision to the Superior Court and filed a motion for summary judgment.  The planning board and the board of health of Fairhaven (board of health) (collectively, the defendants) opposed the motion and filed a cross motion for summary judgment.  A Superior Court judge granted the defendants' cross motion for summary judgment, affirming the planning board's decision and dismissing the complaint.  On

_____

[1] Board of health of Fairhaven.

appeal, the plaintiff claims that the judge erred in granting summary judgment.  We affirm.

Background.  "We summarize the findings set forth in the order on the parties' cross motions for summary judgment, supplemented by other uncontroverted facts in the summary judgment record."  Williams v. Board of Appeals of Norwell, 490 Mass. 684, 685 (2022).  On May 28, 2019, the plaintiff filed a definitive plan proposing a sixteen-lot residential subdivision with the planning board.  The plaintiff also filed a plan with the board of health on December 12, 2019.  On January 14, 2020, after several public hearings, the planning board unanimously voted to deny the plaintiff's plan.[2]  On January 23, 2020, the board of health held a public hearing to discuss the plan.  By letter the following day, an agent of the board of health disapproved of the plaintiff's plan.

On January 30, 2020, the town planner, on behalf of the planning board, issued findings of fact and its decision denying

_____

[2] At a public hearing, "all interested persons shall be given an opportunity to be heard."  Shannon v. Building Inspector of Woburn, 328 Mass. 633, 635 (1952).  The plaintiff asserts that the planning board closed the hearing before the board of health expressed its disapproval of the plan.  However, at the January 14, 2020, planning board public hearing, the plaintiff was asked whether he objected to the hearing's closing and his counsel stated that he did not.  Regardless, as stated below, the planning board's determination that the plan did not comply with its regulations was a sufficient basis to deny the plan.  See note 5, infra.

2

the plaintiff's application.  The planning board reasoned that the plan did not comply with several of the town's applicable regulations.[3]  The planning board concluded that the plan "would have been detrimental to the general health, safety and welfare of the residents of the subdivision" and "the abutting and nearby neighborhoods."[4]

In November 2023, the parties filed cross motions for summary judgment in the Superior Court.  The judge granted summary judgment for the defendants, reasoning that the board of health's disapproval of the plaintiff's plan was a "sufficient basis for the planning board's denial of the plaintiff's subdivision plans."  The judge also stated a separate basis supporting summary judgment for the defendants, namely that the

_____

[3] For example, the planning board's decision stated that the plan's "layout is too dense"; the proposed grading for roadways "is too close to the bordering vegetated wetland . . . to reliably protect it from impacts"; and "[t]he plan does not provide an adequate buffer to the existing sewer treatment plant or to the existing wind turbines."

[4] After the planning board issued its decision, but before the parties filed cross motions for summary judgment, the judge allowed the parties' joint motion to remand to the planning board "for consideration of possible settlement."  The planning board held public hearings to review the plaintiff's revised subdivision plan, but ultimately denied the revised plan and the matter went back to the Superior Court.  Thereafter, the appeal proceeded in the Superior Court on the plaintiff's original plan because the plaintiff did not appeal the denial of the revised plan and did not seek to amend his complaint to reflect such a change.

plaintiff's plan did not comply with the applicable rules and regulations of the planning board.

Discussion. "The allowance of a motion for summary judgment is appropriate where there are no genuine issues of material fact in dispute and the moving party is entitled to judgment as a matter of law" (quotation omitted). Williams, 490 Mass. at 689. The moving party must demonstrate "that the party opposing the motion has no reasonable expectation of proving an essential element of that party's case." See Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). Where, as here, the parties filed cross motions for summary judgment, we review the evidence in the light most favorable to the party whose motion was denied. See Smiley First, LLC v. Department of Transp., 492 Mass. 103, 108 (2023). "We review a decision on a motion for summary judgment de novo." Williams, supra at 689.

An applicant of a subdivision plan has the burden to show that a planning board "acted improperly in disapproving their subdivision plan." Wine v. Planning Bd. of Newburyport, 74 Mass. App. Ct. 521, 525 (2009). A subdivision plan shall be approved if it conforms to both the "reasonable rules and regulations of the planning board" and "the recommendation of the board of health." Mac-Rich Realty Constr., Inc. v. Planning Bd. of Southborough, 4 Mass. App. Ct. 79, 84-85 (1976). See

4

G. L. c. 41, § 81M.  If the planning board disapproves of a plan, it "shall state in detail wherein the plan does not conform to the rules and regulations of the planning board or the recommendations of the health board or officer."  G. L. c. 41, § 81U.  In other words, G. L. c. 41, §§ 81M and 81U provide a planning board with "no discretion to disapprove a subdivision plan which has been approved by the board of health and is in conformance with the reasonable rules and regulations of the planning board."  Musto v. Planning Bd. of Medfield, 54 Mass. App. Ct. 831, 836 (2002).

The plaintiff has failed to demonstrate that the planning board acted improperly.  The plaintiff maintains that the planning board failed to consider evidence that was submitted to the planning board prior to its decision that demonstrated his plan was updated to comply with certain standards.  In support, the plaintiff claims he presented affidavits and other documentary evidence that addressed the planning board's issues with the plan and showed he had resolved those issues prior to the planning board's final decision.  We are unpersuaded.

Even if the planning board had the evidence that the plaintiff asserts it had prior to its vote, that evidence does not clearly establish that the plan complied with all the planning board's rules and regulations.  The planning board's

5

decision thoroughly listed the rules and regulations with which the plan does not comply.  The plaintiff has not provided how each specific regulation would be corrected with the evidence he claims he proffered.  Accordingly, the plaintiff had no reasonable expectation of proving that his plan, as submitted, complied with the planning board's rules and regulations.[5]  Thus, the Superior Court judge properly granted summary judgment for the defendants.

Judgment affirmed.

By the Court (Singh,
D'Angelo & Hodgens, JJ.[6]),

Clerk

Entered:  July 8, 2025.

---

[5] Based on the record, the planning board had not officially received disapproval from the board of health until after the planning board voted to deny the plan.  Therefore, the board of health's disapproval had no bearing on the planning board's decision and likewise plays no role in our decision.

[6] The panelists are listed in order of seniority.